■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN MARIE HART, Appellant. — Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered July 7, 1981, upon a verdict convicting defendant of the crimes of perjury in the first degree and perjury in the second degree. The two-count perjury indictment upon which defendant was tried and convicted arose out of an investigation by the New York State Police of defendant's husband's suspected involvement in acts of sexual abuse perpetrated against their infant children. As part of that investigation, on July 12, 1979 the police took a sworn written statement from defendant in which she related observing her husband committing such acts over a period of three months and specifically including the evening of July 6, 1979. On September 20, 1979, defendant was called before a Fulton County Grand Jury in the case involving the commission of these acts by her husband. In her testimony she completely contradicted her previous statement, denied any knowledge of her husband's sexual abuse of the children, and further testified that she had never read the statement nor been advised of her constitutional rights and that the statement was a product of having been handcuffed to a table by the police. The first count of the indictment charged defendant with perjury in the first degree in giving false testimony before the Grand Jury concerning the aforesaid manner in which her statement had been obtained by the police. The remaining count of the indictment accused defendant of perjury in the second degree in giving two contradictory statements under oath, namely, the statement to the police in which she incriminated her husband, and her testimony before the Grand Jury

in which she exculpated him. Defendant's main argument for reversal of the conviction of perjury in the first degree is that there was insufficient evidence to establish that her Grand Jury testimony to the effect that her prior statement had been illegally obtained by the police was material to the matter being presented to the Grand Jury. A review of the trial record indicates that evidence was introduced, through exhibits and the testimony of the police and the District Attorney who presented the case for indictment, that the matter before the Grand Jury concerning which defendant was called as a witness involved the alleged sexual misconduct of defendant's husband as described in her statement to the police. Clearly, then, the general subject matter of her testimony before the Grand Jury concerning those acts of her husband was material. It was therefore not fatal to the prosecution that the indictment ultimately handed up by the Grand Jury against her husband was not introduced into evidence. *People v Barbuti* (207 App Div 285) and *People v Glass* (191 App Div 483), relied upon by defendant to establish that evidence of an indictment is required to prove materiality, are distinguishable in that in those cases the perjury was alleged to have occurred during the trial of the indictment in question. Moreover, in each case there was a failure otherwise to establish the issues on trial to which the defendant's testimony pertained. Here, we deal with testimony before a Grand Jury and, as previously indicated, sufficient evidence was adduced to apprise the trial court and jury of the matter under investigation by the Grand Jury and how it related to defendant's testimony. In addition to establishing the materiality of the general subject matter of defendant's testimony before the Grand Jury, the materiality of the specific, allegedly perjurious testimony was also established. By asserting in her testimony that she had been coerced by the police into making a false accusation against her husband, defendant thereby bolstered her testimony before the Grand Jury that her husband was guilty of no wrongdoing, and also cast doubts upon the credibility of the investigating officers. In either of these two respects this testimony of defendant was thus material (*People v Davis,* 53 NY2d 164, 170-171). Since defendant's remaining assignments of error with respect to the conviction of perjury in the first degree are equally without merit, we affirm that conviction. We reach a contrary conclusion with respect to defendant's conviction for perjury in the second degree. That conviction was based solely on the inconsistencies between defendant's sworn statement to the police and her testimony before the Grand Jury. A necessary element of second degree perjury is that the instrument falsely sworn to must be one for which "an oath is required by law" (Penal Law, § 210.10, subd [a]). The evidence established that the statement was, purely and simply, a witness' statement, as is typically obtained by the police during criminal investigations before any formal criminal proceedings against anyone have been commenced. As such, the statement was not a written instrument whose "legal efficacy in a court of law or before any public or governmental body, agency or public servant" is dependent upon its being made under oath (Penal Law, § 210.00, subd 4). Therefore, the People failed to establish the foregoing element of the crime, as a matter of law, and defendant's conviction for perjury in the second degree cannot stand (*People v Lillis,* 3 AD2d 44; *People v Polk,* 100 Misc 2d 435). The instant case lacks the special factors present in *People v Laws* (59 AD2d 67), relied on by the People, wherein the defendant's sworn statement was required by the court and prosecution as a condition for acceptance of his plea to a reduced charge in a criminal proceeding involving himself. However, the foregoing does not require a disposition totally dismissing the perjury second count of the indictment. The statement was made under oath, and the evidence overwhelmingly supports the conclusion, implicit in the jury's guilty

verdict on that count, that the statement was irreconcilably inconsistent with defendant's Grand Jury testimony and that she had intentionally expressed both contradictory versions of the facts. Thus, defendant should properly have been convicted of perjury in the third degree (Penal Law, §§ 210.05, 210.20, subd 3). Accordingly, the conviction of defendant for perjury in the second degree should be reduced. In light of the foregoing, we need not reach defendant's remaining assignment of error, concerning the trial court's instruction to the jury that defendant's statement was an instrument for which an oath is required by law. Judgment modified, on the law, by reducing the conviction of perjury in the second degree to a conviction of perjury in the third degree, and reversing the sentence imposed thereon, and, as so modified, affirmed; matter remitted to the County Court of Fulton County for resentencing in accordance herewith. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.