■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR R. NICHOLS, JR., Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered July 19, 1982, upon a verdict convicting defendant of the crime of perjury in the first degree. On March 16, 1981, State Police investigators recovered a stolen 1979 Ford pickup truck from defendant's property. At that time defendant signed and swore to a written statement declaring that, approximately three weeks earlier, the truck had been driven into his yard and left there by Frederick Barse, a cousin. Barse was arrested on or about March 26, 1981. At the felony complaint hearing held five days later, defendant affirmed that his March 16 statement was true. Thereafter, on May 14, 1981, when defendant was called upon to testify before a Grand Jury considering the indictment of Barse, who ultimately pleaded guilty to a charge of first degree criminal possession of stolen property, defendant renounced his March 16 statement and denied ever having seen Barse drive the pickup truck into defendant's yard; he stated instead that

he had given Barse permission to park some vehicles on his property and that one night when he returned home he observed the pickup truck and an automobile in his yard. The prosecution secured a conviction on the premise that the prior sworn statement was true and that the Grand Jury testimony was perjurious. Defendant's principal argument is that corroboration of the falsity of the Grand Jury testimony is lacking. We disagree. The testimony of a single witness, when independently corroborated by either another witness or circumstantial evidence, will support a perjury conviction (Penal Law, § 210.50; *People v Doody,* 172 NY 165, 172). Here, corroborative evidence tending to connect defendant with the commission of perjury was indeed presented (see *People v Stanard,* 42 NY2d 74, 79). The sworn written statement of March 16, 1981 directly contradicted defendant's Grand Jury testimony on the issue of whether defendant had seen Barse drive the truck into defendant's yard. That the Grand Jury testimony was false was also established circumstantially by defendant's reaffirmation of his March 16 statement at Barse's felony complaint hearing. Additionally, David Harrington, defendant's brother-in-law, testified that defendant had told him earlier that he had seen Barse drive the truck into the yard. Though Harrington retracted this statement on defense cross-examination, the jury could have decided to give it credence. Moreover, in the course of a conversation Harrington, a police informant, had engaged defendant in and which was electronically monitored by the police, defendant acknowledged he could be prosecuted for perjury because of his Grand Jury testimony. Finally, as for defendant's remaining argument that the court's charge on corroboration was not sufficiently detailed, we note that, though brief, it did not prejudice defendant and is, therefore, no grounds for reversal. Judgment affirmed. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.