■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY D. OWENS, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered October 26, 1981, upon a verdict convicting defendant of the crime of rape in the first degree. Defendant was indicted and tried for rape in the first degree. The complainant, then 15 years of age, testified that, on the night of July 5, 1980, defendant forced her to have sexual intercourse with him without her consent. It was further deduced at trial that stains found on the complainant's underpants contained evidence of sperm. In his defense, defendant offered an alibi and further sought to show that another individual, William Blake, had intercourse with the complainant on July 5, 1980, or at least during that weekend thereby providing an alternate explanation for the stains on the complainant's underpants. During an offer of proof pursuant to CPL 60.42 (subd 5), however, Blake, at the direction of his attorney, invoked his Fifth Amendment rights and refused to answer questions concerning whether he had performed intercourse with the complainant on July 5, 1980 or during that weekend. Blake's attorney indicated that he was concerned that Blake could possibly be prosecuted for sexual misconduct (Penal Law, § 130.20) if he testified concerning his activities with the complainant. To enable Blake to testify, the prosecutrix was urged to request the court to confer immunity upon Blake, pursuant to CPL 50.30, but the prosecutrix refused. County Court thus refused to permit Blake to testify because of the inferences a jury would inevitably draw upon Blake's invocation of his Fifth Amendment rights in response to questions concerning his sexual activities with the complainant at or about the time of the alleged rape. Without this testimony, the trial proceeded and defendant was found guilty as charged. Defendant has appealed his conviction claiming several grounds of error and that reversal is required because the prosecutrix deprived defendant of due process by failing to request that County Court confer immunity upon Blake. Although we recognize that the decision whether to grant immunity to a witness, including a defense witness, is within the discretion of the District Attorney (CPL 50.30) and should be disturbed only in exceptional circumstances (see, e.g., *People v Adams,* 53 NY2d 241, 247; *People v Osorio,* 86 AD2d 233, app dsmd 57 NY2d 671; Bellacosa, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 50.30, p 327), we believe this to be a case in which the District Attorney should have requested that defense witness Blake be granted immunity so that Blake could have testified at trial (see, generally, Taylor, Obtaining Immunity for Defense Witnesses, 29 Practical Lawyer, No. 6, p 75). If Blake testified that he had performed intercourse with the complainant at about the time of the alleged rape, an alternate explanation for the presence of the sperm found on the complainant's underpants would have been presented. Thus, the testimony was important to Blake's defense. In refusing to request immunity for Blake, the prosecutrix did not indicate that Blake would in fact be prosecuted if he testified to having had intercourse with the complainant. Thus, this is not a case in which the District Attorney's

discretion to prosecute a participant in a crime was in conflict with defendant's need for a witness' testimony (see *People v Adams, supra,* pp 247-248). More importantly, it is clear that the prosecutrix spoke with Blake about this matter outside the presence of Blake's attorney despite the fact that Blake's attorney had informed authorities that Blake was represented and that there should be no discussions with Blake unless Blake's attorney was present. Although the record does not elaborate on the content of these discussions, Blake did indicate that the synopsis presented to County Court by the prosecutrix was not accurate. Moreover, the opportunity such a meeting presented for impermissible coercion (see *People v Shapiro,* 50 NY2d 747, 757-762) cannot be denied and is especially unfortunate in this case, where Blake's attorney had instructed that there be no discussions with Blake outside the presence of counsel. For these reasons, defendant's conviction should be reversed and, as a condition of subjecting defendant to a new trial, Blake should be granted immunity so that he can testify as to his acts with the complainant on July 5, 1980 or during that weekend (see *supra,* at p 762). Although reversal is required as discussed above, certain other deficiencies at trial merit our attention. The instruction to the jury that reasonable doubt is "a sound reason, one based on the testimony in the case and one that seems to make sense" should have included the fact that reasonable doubt can also be found in the lack of evidence (see, e.g., *People v Ostin,* 62 AD2d 1004). That the charge as given was somewhat ambiguous is supported by the fact that the jury requested elaboration on the concept of reasonable doubt. It should be further noted that at the time of the elaboration, the trial court again failed to state that reasonable doubt could be found in the lack of evidence. Additionally, because defendant was relying on an alibi defense which placed him at another place until 10:45 P.M. or later, defendant was prejudiced by the trial court's instruction that the jury could find that the alleged rape "occurred at an earlier or later time than that which has been charged in the indictment", which was "at or about 10:30 P.M.", and could disregard "a minor variance between the time charged in the indictment as to when * * * the alleged rape occurred and the time that you may find it actually occurred". The timing was crucial to the defense and the trial court's instruction was vague about how much of a deviation from the time charged in the indictment would be permitted. Judgment reversed, on the law, and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent herewith. Main, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., and Casey, J., dissent and vote to affirm in the following memorandum by Casey, J. Casey, J. (dissenting). We cannot agree with the majority that the refusal of the District Attorney to request the trial court to confer immunity upon a defense witness, whose testimony presumably would be favorable to the defense, should result in a reversal of this defendant's conviction. The witness Blake was not called at trial but, rather, at a hearing held outside the jury's presence pursuant to CPL 60.42 (subd 5). Defendant contends that were he permitted to testify, Blake would admit to having had sexual relations with the complainant on or about July 5, 1980, the date of defendant's crime, which would show that the semen stains found on the complainant's underpants came from someone other than defendant. We agree that if such testimony were given, it would be favorable to defendant. At the hearing, however, on the advice of his attorney, Blake invoked his Fifth Amendment privilege in order to avoid prosecution for sexual misconduct with the complainant (Penal Law, § 130.20). When this claim was made, the trial court did not determine whether such testimony would be allowed as an exception to the provisions of CPL 60.42 under subdivision 5 but, rather, refused to permit Blake to be called as a witness to avoid any undue inference

that the jury might draw from his claim of privilege and his refusal to testify. The issue on this appeal is, therefore, limited to the effect of CPL 50.30. That statute makes the court a competent authority "to confer immunity in accordance with the provisions of section 50.20, but only when expressly requested by the district attorney to do so". Contrary to defendant's contention, the law does not obligate the District Attorney to give immunity to defense witnesses (*People v Adams,* 53 NY2d 241). The statute (CPL 50.30) grants the District Attorney the discretion to request a grant of immunity from the court and the refusal to make such a request is reversible error only where there has been an abuse of that discretion through the District Attorney's bad faith or conduct which violates a defendant's due process right to a fair trial (*People v Adams, supra; People v Shapiro,* 50 NY2d 747; *People v Sapia,* 41 NY2d 160, cert den 434 US 823). The instant case presents no example, or even a claim, of either prosecutorial abuse or misconduct. Accordingly, we find no merit in the contention of defendant and are to affirm, since the other errors urged by defendant are inconsequential. The judgment of conviction should, therefore, be affirmed.