## THIRD DEPARTMENT, DECEMBER, 1983

## (December 1, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. PRIESTER, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered January 19, 1981, upon a verdict convicting defendant of the crime of manslaughter in the first degree. Defendant was indicted for the crime of murder in the second degree. It was alleged that defendant, with intent to cause the death of Ozzie "Junior" Gardner, caused his death on or about June 29, 1979 by shooting him with a shotgun. The People contended that defendant shot and killed the victim intentionally. Defendant contended that the shooting was an accident. Defendant maintained that he had withdrawn from an altercation with the victim and Leroy Williams and returned to his home. Gardner followed him and threatened defendant by calling out to him and brandishing a sword while outside defendant's apartment. Defendant contended that he loaded his gun as he feared that Gardner was about to knock his door in and that he opened his apartment door and entered the hall to frighten the victim away. Defendant contended that the victim secreted himself in an alcove and, as defendant was returning to his apartment, he unexpectedly attacked defendant. The two struggled and ended up outside the building. Defendant claimed that the victim grabbed defendant's gun, causing it to fire. The victim then ran across the street and collapsed. Defendant stated that he fired one more shot into the ground behind Gardner to scare him as he was fleeing and another in the direction of Williams who had come upon the scene. Defendant, on this appeal, raises several allegations of error which merit discussion. During the course of the trial, defendant made an offer of proof regarding testimony of Donna Stebbins, a prosecution witness, who had testified to the effect that defendant, when leaving the initial altercation between himself, the victim and Williams, stated that he was "going to get his gun", and that she now wished to recant that testimony. The witness, in an out-of-court inquiry, indicated that she would testify that she did not know who had uttered these words. The trial court, after instructing the witness as to possible perjury charges, assigned counsel to assist her. The witness indicated that she would invoke the Fifth Amendment. The District Attorney was requested to give her immunity, which he declined to do, and the trial court then disallowed defendant's request to call her as a witness in his defense. The testimony of this witness was crucial to defendant as it bore on his frame of mind and his intent preceding the

shooting of Gardner. The District Attorney relied heavily in his summation on Stebbins' testimony as bearing on the issue of defendant's intent. Defendant thus urges that, in the context of these circumstances, the District Attorney abused his discretion in refusing to grant Stebbins immunity to testify. The grant of immunity is usually within the discretion of the District Attorney and any review by the court is on a restricted basis. However, in some instances, it has been held to be an abuse of authority where the exercise of such discretion affects defendant's due process rights to a fair trial and to vital exculpatory testimony (*People v Shapiro,* 50 NY2d 747; *People v Sapia,* 41 NY2d 160, cert den 434 US 823; *People v Owens,* 97 AD2d 855). Here, as in *Shapiro,* the District Attorney's denial of immunity had the effect of binding this witness to her previous testimony which she contended was not accurate. The grant of immunity here was obviously sought to protect Stebbins from perjury charges if she changed her testimony. There is nothing to indicate that she was seeking to avoid prosecution for past crimes. This fact, coupled with the importance of her testimony bearing as it did on defendant's intent, required that immunity be granted in conformity with the Court of Appeals ruling in *Shapiro.* The denial thereof requires that a new trial be granted conditioned on the grant of immunity to this witness. Defendant also contends that certain actions of the trial court deprived defendant of a fair trial. We find no merit in this allegation with one exception. Though the court has substantial leeway in the conduct of the trial to clarify issues, develop significant facts, enforce decorum and expedite the trial (*People v Yut Wai Tom,* 53 NY2d 44; *People v De Jesus,* 42 NY2d 519), the court's power is not untrammeled and obviously does not extend to the interpretation of crucial evidence. In the instant case, we find the court's comments, after a witness stated that defendant said he was going to get his "shit", that "I think that means a gun, I guess", to be inappropriate and highly prejudicial to defendant. We deem it unnecessary to discuss the other points raised by defendant in view of our ruling on the question of immunity. Judgment reversed, on the law, and a new trial ordered conditioned on the grant of immunity to Donna Stebbins in accordance herewith. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.