OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant’s convictions of criminal contempt and perjury turned on factual issues which the jury resolved in favor of the People and for which in each instance the evidence in the record was sufficient.
As to the criminal contempt conviction there was evidence from which the jury would have been warranted in concluding that the cryptic entries in defendant’s black book were made in circumstances so memorable as to render his protestations of no recollection incredible and thus evasive. It is not sufficient to defeat a charge of criminal contempt that the witness utter words which may be said in form to constitute an answer. “To be guilty of contempt the witness need not flatly refuse to answer the questions put to him; false and evasive profession of an inability to recall, which amounts to no answer at all, is punishable as criminal contempt” (People v Ianniello, 36 NY2d 137, 142). Defendant’s repeated responses of “I don’t remember”, “I don’t recall”, and “I don’t know”, together with his reiterated statements that the moneys went to no one specifically, are sufficient to sustain the finding of contemptuous evasion.
With reference to the conviction for peijury, the entries in defendant’s black book taken with his testimony with respect thereto and the testimony of defendant’s book *620 keeper as to the overheard conversation constituted evidence that defendant committed perjury when he denied making any payment to the union official. Additionally each component of such evidence provided corroborative proof with respect to the other (Penal Law, § 210.50).
Finally, notwithstanding the dismissal of the second count of criminal contempt, the trial court did not abuse its discretion in the circumstances of this case in admitting into evidence the extended portions of defendant’s testimony before the Grand Jury (cf. People v McGrath, 46 NY2d 12, 32).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.