OPINION OF THE COURT
Donald J. Mark, J.
The defendant made an application, pursuant to CPLR 2221, to reargue a motion to suppress evidence (People v Petgen, 81 AD2d 951, affd 55 NY2d 529; People v Russo, 128 Misc 2d 876), upon the ground that the previous denial was *750 legally incorrect. Because this involved a complicated claim that a witness was prevented from testifying at the hearing because of an improper offer of immunity, only superficially addressed previously, the motion to reargue was granted.
The original decision was based upon the following facts:
The defendant claimed a search warrant was invalid, because the police officer’s affidavit that she had witnessed an informant purchase cocaine from the defendant was fabricated. He attached to his motion documents an unsworn statement from the informant that the purchase had not in fact occurred, but that a third individual had actually sold the cocaine to him. As a consequence of these allegations a hearing was conducted (People v Alfinito, 16 NY2d 181).
During the course of the hearing the informant was produced by the defendant. Prior to this time the informant had given the police a sworn statement recanting his unsworn statement. Because the possibility of perjury was generated by the two contradictory statements, the prosecutor suggested that the court appoint an attorney to advise the informant; the suggestion was followed. The defendant claimed that the second statement was coerced by the police[1] and requested that the informant be granted immunity so that he would not invoke his privilege against self-incrimination.
At the court’s request the prosecutor agreed to give the informant immunity for any past acts of perjury. This court determined that such an offer of immunity by the prosecutor was not an abuse of discretion. This purported grant of immunity proved unacceptable to the informant, as well as the defendant, and they both demanded immunity for any past perjury and/or any future perjury. The rejection of the prosecutor, assented to by the court, culminated in the informant’s refusal to testify.
Ultimately the application to suppress the evidence derived from the search warrant was denied.
The defendant has attacked the aborted immunity on three fronts: (1) The prosecutor’s offer of immunity was such as to prevent the defendant’s access to the informant; (2) the prosecutor’s offer of immunity was tantamount to threatening the informant with perjury prosecution if he testified favorably to the defendant; and (3) the court indicated that the immunized *751 statement could possibly be used as evidence in a future perjury prosecution.[2] The defendant concluded that the combination of these alleged errors resulted in an ineffective offer of immunity which deprived the defendant of vital testimony and that as a consequence the motion to suppress should have been granted.
The defendant’s arguments will be considered seriatim.
CPL 50.30 provides as follows: "In any criminal proceeding * * * the court is a competent authority to confer immunity * * * but only when expressly requested by the district attorney to do so.” The Court of Appeals has held the prosecutor’s discretion is subject to review for abuse where, inter alia, it is exercised to prevent a defendant’s access to a police informant active in the crime, or, the prosecutor affirmatively threatens the defendant’s witnesses with prosecution for perjury if they give evidence favorable to the defense (People v Owens, 63 NY2d 824).
The defendant’s first argument is that the prosecutor abused his discretion by exercising it so as to prevent the defendant from gaining access to a police informant active in the crime.
The defendant relies upon People v Sapia (41 NY2d 160, cert denied 434 US 823), which held that under proper circumstances if an informer has been an active participant in the criminal transaction — as an agent of the law enforcement authorities — the prosecution may not block a defendant’s access to the testimony of such a witness by refusing to grant immunity. The informant in this case falls within this definition, and the prosecutor offered him immunity for the sworn statement he had previously made to the police, but not for any perjury he might commit at the hearing.
The defendant claims that this offer was legally unsatisfactory. However, neither the statutory law nor the case law empowers a court at a prosecutor’s request to bestow immunity upon a witness for future perjury. CPL 50.10 (1) provides in part, "A person who possesses such immunity may nevertheless be convicted of perjury as a result of having given false testimony in such legal proceeding”. The decisional law *752 is unanimous that a grant of immunity cannot protect a witness from a perjury prosecution for testifying falsely at a legal proceeding (e.g., Matter of Rush v Mordue, 68 NY2d 348; People v Gottfried, 61 NY2d 617; People v Shapiro, 50 NY2d 747; People v Osorio, 86 AD2d 233).
People v Shapiro (supra) and People v Osorio (supra) have particular relevance to this case.
The first case involved three witnesses who were prepared to testify at the defendant’s trial that they, and not the defendant, had promoted prostitution. All three witnesses had testified differently on previous occasions. They did not seek immunity for any false testimony that they might give at trial, but they sought reassurance that any misstatements or inconsistencies they might have uttered during the course of their prior testimony would not become prosecutable. The prosecutor refused to grant the immunity requested by the witnesses despite the urging of the trial court and instead stated to the witnesses his resolve to prosecute them for perjury if they changed their previous testimony. Because the tactics of the prosecutor resulted in the witnesses’ unavailability to the defense, the Court of Appeals reversed the defendant’s conviction, but it sanctioned the procedure of immunizing past false testimony.
In the latter case, after a conviction for murder, the defendant brought a motion to set aside the conviction upon the ground of newly discovered evidence. A witness who had implicated the defendant at trial had later recanted his testimony, claiming that his trial testimony had been the result of police threats. At the hearing on the motion the prosecutor offered to confer upon the witness limited immunity to preclude a perjury conviction arising out of his trial testimony, but the witness declined to testify in the absence of full transactional immunity. The trial court demanded the same, and upon the prosecutor’s refusal it vacated the defendant’s conviction. The appellate court called the witness’ change of mind "a classic illustration of an unreliable recantation” (People v Osorio, supra, at 239), and found no bad faith on. the prosecution’s part because of its willingness to bestow the limited immunity against a prosecution for perjury.
Thus, the prosecutor’s actions here in offering the informant immunity for his sworn statement to the police and refusing the request for immunity for any untruthful testimony the informant might give at the hearing was in full compliance with the case law.
*753 The second contention of the defendant is that the prosecutor affirmatively threatened the informant with a perjury prosecution if he gave evidence favorable to the defense and that this was legally impermissible.
Because of the discrepancy between the unsworn first statement and the sworn second statement of the informant, the prosecutor recommended to the court that an attorney be appointed to represent the informant and this was done. The prosecutor did not, as in People v Shapiro (supra), demand that the informant adhere to his prior sworn statement to the police and threaten to prosecute the informant for perjury for any deviation from his sworn statement and his testimony at the hearing.
The prosecutor did offer to grant the informant immunity for his prior statement to the police, and it can be assumed that if the informant testified truthfully at the hearing there would be no prosecution for perjury (People v Shapiro, supra; People v Osorio, supra; People v Priester, 98 AD2d 820). People v Shapiro (supra) indicated that the prosecutor has an obligation to warn a potential witness of his possible liability for false testimony, the only condition being that such warnings not be emphasized to the point where they are transformed into instruments of intimidation.
This case is similar to People v Priester (supra). There, the witness gave testimony before the Grand Jury tending to incriminate the defendant. At the trial the witness recanted her previous testimony, and the trial court instructed the witness as to a possible perjury charge and assigned an attorney to represent her. The court requested the District Attorney to give the witness immunity for her Grand Jury testimony but he declined to do so. The appellate court held that the District Attorney’s denial of immunity had the effect of binding that witness to her previous testimony which she contended was inaccurate, and that it was an abuse of prosecutorial discretion to refuse to grant her immunity for a perjury charge arising out of her Grand Jury testimony.
In this case the prosecutor’s conduct in agreeing to bestow immunity upon the informant for any past act of perjury fully comported with the mandate of those decisions.
The defendant assigns as the third error the indication by the court and the prosecutor that the sworn statement of the informant to the police could potentially be evidence in a future perjury prosecution despite the immunization of that statement.
*754 The criticized observation of the court, concurred in by the prosecutor, did not refer to prosecution under Penal Law § 210.20, which authorizes a conviction for perjury based solely upon evidence that a defendant made two inconsistent sworn statements without proof of which of the two is false.
In Matter of Rush v Mordue (68 NY2d 348, supra), the defendant signed a sworn statement for the police and later testified to a different version before the Grand Jury. Although he had received transactional immunity pursuant to CPL 190.40 (2), he was indicted for perjury under Penal Law § 210.20. The Court of Appeals concluded that a witness who received transactional immunity by testifying before a Grand Jury could not be prosecuted for perjury based upon the inconsistency between a prior sworn statement and his Grand Jury testimony, because he necessarily would then be convicted of perjury by the use of the immunized testimony.[3]
That decision does not seem to foreclose an indictment for perjury under a section other than Penal Law § 210.20 or the utilization of a sworn contradictory statement as some evidence of such perjury.
Normally perjury may be proved by the introduction of a sworn inconsistent statement (United States v Kahn, 472 F2d 272; People v Nichols, 97 AD2d 625; People v Colgan, 50 AD2d 932).
In People v Nichols (supra), the defendant gave a sworn written statement to the police[4] implicating a certain defendant, and at the preliminary hearing he affirmed that his prior statement was true. Thereafter before the Grand Jury he renounced the first sworn statement and gave contradictory testimony exculpating that defendant. The prosecution secured a conviction for perjury, first degree, under Penal Law § 210.15 upon the premise that the prior sworn statement was true and the Grand Jury testimony was perjurious. The defendant’s conviction was upheld, the appellate court finding that the evidence that the first statement contradicted the Grand Jury testimony, and that the defendant reaffirmed his first statement at the felony complaint hearing, along with other evidence, was sufficient to sustain the conviction.
*755 People v Colgan (supra) is the case which closely parallels this one. There, the defendant appeared before the Grand Jury and testified that a particular individual had shot the victim. Because he had received threats against himself and his family he importuned the District Attorney and the court that he not be forced to testify at trial. The defendant’s request was ignored, he was compelled to testify and he in essence recanted his Grand Jury testimony. The defendant was indicted and convicted of perjury, but the conviction was reversed because he was not allowed to interpose the defense of duress at his perjury trial. Since the defendant had received automatic immunity by testifying before the Grand Jury (CPL 190.40 [2]; People v Williams, 56 NY2d 916; People v Rappaport, 47 NY2d 308, cert denied 444 US 964), this was an instance where immunized testimony was used as evidence of perjury.
The Federal courts explicitly permit such immunized evidence to be presented at a trial to prove perjury, provided that such testimony or statement is untruthful (United States v Berardelli, 565 F2d 24; United States v Pisani, 590 F Supp 1326). They reason that immunity granted to a witness to compel testimony is part of a bargain under which the witness agrees to testify truthfully and the government agrees not to use his testimony against him, but the bargain struck is conditional upon the witness who is under oath telling the truth (United States v Tramunti, 500 F2d 1334).
In United States v Berardelli (supra), the defendant was found guilty after trial of criminal contempt. He refused to testify at a trial, although granted immunity, claiming that if he gave truthful testimony at that trial it would be inconsistent with his prior testimony before the Grand Jury. He argued that the government would use his immunized truthful testimony at trial against him in a prosecution for perjury committed before the Grand Jury or for perjury based upon inconsistent testimony. The Court of Appeals, Second Circuit, affirmed the conviction and held that a witness’ truthful testimony, given under a grant of immunity, may not be used to prove either earlier or later perjury, and that an "inconsistent declarations” prosecution would be. barred by the Federal immunity statute.[5]
United States v Pisani (supra) is more analogous to the *756 instant case. There, the defendant testified on seven occasions before an Albany County Grand Jury and received transactional immunity under CPL 190.40 and 50.20. She thereafter testified differently before a Federal Grand Jury. Subsequently the allegedly perjurious testimony before the State Grand Jury was presented to the Federal Grand Jury to prove her perjury and the Grand Jury returned an indictment for perjury. The trial court denied the defendant’s motion to dismiss the indictment upon the ground that it was based in part on the immunized testimony before the State Grand Jury. That court found that the original allegedly perjurious testimony, although immunized, may be used to show similar perjury before a second Grand Jury, noting that the result would be different if the immunized testimony before the first Grand Jury had been truthful.
Therefore, if the informant testified truthfully at the hearing, he could not be prosecuted for perjury, and if the sworn statement he gave to the police was truthful, it could not be used as some evidence of perjury in a subsequent prosecution. The informant had a decision to make, and he could rightfully invoke his privilege against self-incrimination.
Accordingly, the three claims of the defendant are without merit, and the defendant’s motion to suppress evidence is again denied.

. At an in camera hearing held during the Alfinito hearing, the claim of coercion by the informant was not substantiated. (See, People v Hart, 90 AD2d 856; People v Osorio, 86 AD2d 233, appeal dismissed 57 NY2d 671.)

. The unsworn statement given by the informant to the defendant’s attorney obviously could not be perjurious even if untruthful (Penal Law § 210.00 [5]; People v Grier, 42 AD2d 803), so the immunity for any past perjury did not include this statement. Nothing would have precluded the use of this statement at a future perjury prosecution.

. People v Hart (90 AD2d 856) reached a different result, but it was decided prior to the Court of Appeals decision.

. People v Hart (90 AD2d 856), cited in footnote 3, held that a false sworn statement to the police, because it is not a statement defined in Penal Law § 210.10 (a), could only accommodate a conviction for perjury, third degree.

. 18 USC § 1623 (c) is similar to Penal Law § 210.20, and this case reached the same conclusion as Matter of Rush v Mordue (68 NY2d 348).