[663 NYS2d 602]

In the Matter of REBECCA ALTIERI, Respondent, v JOHN F. HOLDEN, JR., Respondent, and JEANINE PIRRO, Appellant.

Second Department, September 22, 1997

## APPEARANCES OF COUNSEL

*Jeanine Pirro, District Attorney* of Westchester County, White Plains *(Richard E. Weill* of counsel), appellant *pro se.*

*Slotnick, Shapiro & Crocker, L. L. P.,* New York City *(Barry I. Slotnick, J. Lawrence Crocker, Elliot J. Blumenthal* and *Joshua Rabinowitz* of counsel), for respondent.

## OPINION OF THE COURT

SULLIVAN, J.

On this appeal from a judgment prohibiting the prosecution of the petitioner for perjury in the third degree, we take the opportunity to discuss the question of whether one who is compelled to testify before a Grand Jury, and who thus receives immunity in connection therewith, may nevertheless be prosecuted for giving testimony in the proceeding which is alleged to be false based on the prior conduct and/or statements of the witness.

### I

It is undisputed that during the summer of 1995, a panel of the Westchester County Grand Jury was investigating whether an individual named Robert Smith had admitted himself to a hospital in Westchester under a false name in order to avoid paying his hospital bill. According to the prosecution, on April 5, 1995, the petitioner Rebecca Altieri advised Investigator John Vecchio of the Westchester County District Attorney's office and Special Agent David Calore of the Federal Bureau of Investigation that she had seen Smith at the hospital on January 1, 1995, and that he had admitted to her that he had used

a false name for that improper purpose. The petitioner subsequently was subpoenaed to appear and give sworn testimony before the Grand Jury. As required by statute, she automatically received transactional immunity in connection with the appearance (see, CPL 190.40). Although a copy of the petitioner's resulting testimony has not been made available, the parties agree that during the Grand Jury proceeding, she denied meeting with Vecchio and Calore on April 5, 1995, and she further denied telling them about the alleged conversation she had with Robert Smith. Based on her allegedly false testimony before the first Grand Jury, the matter was presented to a second Grand Jury panel before which Vecchio and Calore apparently testified. That Grand Jury directed the filing of a prosecutor's information charging the petitioner with the misdemeanor of perjury in the third degree (see, Penal Law § 210.05). The petitioner thereafter was arraigned on that charge in the City Court of the City of White Plains.

Following various court proceedings, the petitioner commenced this CPLR article 78 proceeding against the City Court Judge presiding over her case and the Westchester County District Attorney to prohibit her further prosecution pursuant to the information. Relying exclusively upon the decision in *Matter of Rush v Mordue* (68 NY2d 348), she contended that she could not be prosecuted for Grand Jury perjury through the use of a prior statement made to police because that statement was "immunized" as a consequence of her Grand Jury testimony. The City Court Judge and the District Attorney separately moved to dismiss the proceeding, arguing that a perjury prosecution for testifying falsely under a grant of immunity is expressly authorized by statute, and that *Matter of Rush v Mordue (supra)* was decided upon and limited to a set of facts distinguishable from those at bar.

In a decision and judgment entered November 12, 1996, the Supreme Court denied the motions to dismiss, granted the petition, and prohibited further prosecution of the petitioner. In doing so, the court reasoned that the District Attorney could not offer any evidence regarding the petitioner's prior statement to the police to support the perjury charge, since such use was precluded by the transactional immunity which she received. This appeal ensued, and we reverse.

## II

There is no genuine dispute that a proceeding in the nature of prohibition is the appropriate vehicle for the resolu-

tion of the petitioner's claim that her prosecution for perjury is unlawful. As the Court of Appeals has observed: "The extraordinary writ of prohibition is available to address 'whether [a] body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction' (CPLR 7803 [2]). 'Prohibition may be maintained solely to prevent or control a body or officer acting in a judicial or quasi-judicial capacity from proceeding or threatening to proceed without or in excess of its jurisdiction * * * and then only when the clear legal right to relief appears and, in the court's discretion, the remedy is warranted' (see, Matter of Schumer v Holtzman, 60 NY2d 46, 51). The writ is generally not available to correct common procedural or substantive errors (Matter of Holtzman v Goldman, 71 NY2d 564, 569; Matter of Rush v Mordue, 68 NY2d 348, 353 [supra]; Matter of State of New York v King, 36 NY2d 59, 62), and will not lie where its proponent has access to another adequate legal remedy ([Matter of State of New York v King, supra], at 62; Matter of Rush v Mordue, supra, at 353) unless, in the rare instance, it 'would furnish a more complete and efficacious remedy' (see, La Rocca v Lane, 37 NY2d 575, 579-580, cert denied 424 US 968). But even where the writ may be technically appropriate, the court must consider other factors such as the gravity of the potential harm caused by the threatened excess of power or whether other proceedings in law or equity could correct the flaw, in determining whether a proponent's request should ultimately be granted ([La Rocca v Lane, supra], at 579)" (Matter of Town of Huntington v New York State Div. of Human Rights, 82 NY2d 783, 786).

In Matter of Rush v Mordue (68 NY2d 348, supra) and Matter of Brockway v Monroe (59 NY2d 179), the Court of Appeals recognized that prohibition would lie where the case involves a claim that a prosecution is improper because it is barred by immunity. Under the circumstances of this case, and upon consideration of the factors in Matter of Town of Huntington v New York State Div. of Human Rights (supra) as set forth above, we agree that the petitioner may properly utilize this proceeding in the nature of prohibition to assert her claim of immunity from prosecution.

### III

■ Turning to the merits, we find the petitioner's claim of immunity to be unpersuasive. It is clear that, with limited exceptions which are not here applicable, "[a] witness who gives evidence in a grand jury proceeding receives immunity"

in return for her compelled testimony before that body (CPL 190.40 [2]). That immunity is transactional, precluding prosecution "for or on account of any transaction, matter or thing concerning which [s]he gave evidence therein" (CPL 50.10 [1]). However, while the immunity granted in exchange for compelled testimony is indeed broad, it contemplates that the testimony so compelled will be truthful and responsive. The immunity does not extend to false testimony. "[T]he protection against prosecution, whether under a statute or in consequence of a violation of the constitutional privilege [against self-incrimination], extends only to prosecution for past crimes and not to perjury committed in the very process of making the disclosure assertedly compelled" *(People v Tomasello,* 21 NY2d 143, 150). Hence, "[a] person who possesses such immunity may nevertheless be convicted of perjury as a result of having given false testimony in [a] legal proceeding" (CPL 50.10 [1]), including "a proceeding in or before any * * * grand jury" (CPL 50.10 [2]; *see, e.g., People v Gottfried,* 61 NY2d 617; *People v Davis,* 53 NY2d 164 [both involving perjury prosecutions based on allegedly false Grand Jury testimony]).

In the case before us, it is alleged that the petitioner met with Investigator Vecchio and Special Agent Calore and informed them of Robert Smith's statement to her regarding his use of a false name to avoid paying for medical services. She subsequently appeared before the Grand Jury and, testifying under oath and with immunity, denied meeting with the officers or making the statement in question. Inasmuch as the People charged that the petitioner's Grand Jury testimony in this regard was false and presented the testimony of Vecchio and Calore indicating as much, the information accusing her of perjury in the third degree is valid and the prosecution may go forward. Under the unequivocal language of CPL 50.10 (1), the petitioner is not immunized from prosecution with regard to the alleged perjury committed in the Grand Jury *(see, People v Shapiro,* 50 NY2d 747, 760 ["(i)t is * * * well-settled law that one who is granted immunity in return for his testimony receives no license to swear falsely with impunity while under the protection of that immunity"]; *People v Tomasello, supra,* 21 NY2d, at 150 [where the accused "acquired a protection from prosecution for substantive crimes based on his 'compelled' testimony, he may not, and should not, be permitted to escape prosecution for perjury committed in connection with the very testimony that cloaked him with such protection"]; *People v Harris,* 140 Misc 2d 749, 751-752 ["(t)he decisional law

is unanimous that a grant of immunity cannot protect a witness from a perjury prosecution for testifying falsely at a legal proceeding"]). Moreover, there is no suggestion in the record that the evidence underlying the prosecutor's information fails to meet the corroboration requirement for establishing the falsity of a statement as set forth in Penal Law § 210.50 *(see generally, People v Rosner,* 67 NY2d 290).

## IV

Notwithstanding the foregoing statutory and decisional authority for the perjury prosecution at bar, the petitioner maintains that her prosecution is barred by *Matter of Rush v Mordue* (68 NY2d 348, *supra),* in which she claims the Court of Appeals effectively held that "any person who is compelled to testify before a Grand Jury about her prior out-of-court statements to the police may, with impunity, deny that she made the out-of-court statements that the police allege that she made". The petitioner's reasoning, adopted by the Supreme Court, is deeply flawed and arises from a fundamental misunderstanding of that decision. Indeed, *Matter of Rush v Mordue (supra),* to the extent it is relevant herein, actually supports the People's position on this appeal.

In *Matter of Rush v Mordue (supra),* the petitioner Anthony Rush gave a sworn statement to the police which was used to support the issuance of a felony complaint and the arrest of a third party. However, when Rush subsequently testified with immunity before the Grand Jury, he stated that he had lied in the sworn statement given to the police. He thereafter was indicted for perjury in the second degree *(see,* Penal Law § 210.10). Of vital significance to the present discussion, however, is the fact that the District Attorney in *Matter of Rush v Mordue (supra)* utilized Penal Law § 210.20 in procuring and pleading the perjury indictment. Under that statute, where two statements have been made under oath by the same person and are so inconsistent that one of them is necessarily false, the inability of the People to prove which of the two statements is false does not preclude a perjury prosecution. Rather, such a prosecution may be conducted by setting forth the two statements in the accusatory instrument and charging that one of them is false and perjurious. The trier of fact may then convict the accused of perjury if the People establish by sufficient proof the irreconcilable inconsistency of the two statements *(see,* Penal Law § 210.20 [1], [2]). Therefore, a perjury conviction could have been based on a finding that Rush lied in

his prior sworn statement to the police *or* in his Grand Jury testimony. Rush moved to dismiss the indictment against him on the ground that once he testified in the Grand Jury regarding the veracity of his prior sworn statement to the police, he became immune from prosecution for any offense (including perjury) arising out of the making of that statement. Upon reviewing the matter, the Court of Appeals reaffirmed the settled principle that the transactional immunity which a witness receives in return for compelled testimony "does not foreclose a prosecution for any perjury allegedly committed before the Grand Jury" *(Matter of Rush v Mordue, supra,* at 357). However, the Court agreed with Rush that he was immune from prosecution for making the prior sworn statement as a result of his being questioned about that statement during the Grand Jury proceeding. Since the indictment in *Matter of Rush v Mordue (supra),* drawn pursuant to Penal Law § 210.20, permitted a conviction of Rush for perjury based on the possible falsity of that prior sworn statement, the Court of Appeals held that Rush "may not * * * be prosecuted for perjury *based upon the inconsistency between the prior [immunized] sworn statement and the Grand Jury testimony" (Matter of Rush v Mordue, supra,* at 351 [emphasis supplied]). Indeed, any uncertainty regarding whether the unique provisions of Penal Law § 210.20 constituted the basis for the holding in *Matter of Rush v Mordue (supra)* is dispelled by the Court's following observation: "Under an indictment drafted pursuant to Penal Law § 210.20, the jury is not called upon to determine on which occasion the petitioner lied. Any guilty verdict would be based on the jury's conclusion that he lied in either the one statement or the other. *Therefore, this indictment permits the jury to consider the prior sworn police statement in order to reach a conclusion that [the] petitioner * * * told the truth to the Grand Jury, but lied in his sworn statement to the police. Conviction based upon the falsity of the sworn statement given to the police, however, is precluded by the immunity conferred upon petitioner when he testified before the Grand Jury regarding that statement.* And, although the possibility of a conviction for perjury committed before the Grand Jury would not be precluded, the sworn statement given to the police may not be used to prove that perjury. Because this indictment would permit the jury either to convict [the] petitioner of the very crime for which he has been granted immunity, or to use evidence of that crime to convict him of perjury committed before the Grand Jury, and because prosecution thereunder necessar-

ily implicates a violation of petitioner's privilege against self-incrimination, it is fatally defective" *(Matter of Rush v Mordue, supra,* at 357-358 [emphasis supplied]).

In the instant case, the petitioner simply has been charged with perjury in the third degree, which is committed when a person "swears falsely" (Penal Law § 210.05). The People have neither pleaded nor relied upon an "inconsistent statements" theory pursuant to Penal Law § 210.20; rather, they have steadfastly maintained that only the petitioner's Grand Jury testimony was false and perjurious. Indeed, the People could not employ Penal Law § 210.20 in this case because the prior statement was not made "under oath" as required by that statute. Accordingly, the problem addressed in *Matter of Rush v Mordue (supra)*—the possibility that a prior sworn statement for which the accused received immunity might constitute the basis for a perjury conviction under the "inconsistent statements" approach of Penal Law § 210.20—is not implicated in the case before us. Unlike the situation in *Matter of Rush v Mordue (supra),* the trier of fact in the present matter will be required to determine only whether the petitioner lied in her testimony before the Grand Jury and will not be able to base a conviction merely upon the conclusion that one statement or the other is false. Since there is no possibility that a conviction in this case will be "based upon the falsity of the * * * statement given to the police" *(Matter of Rush v Mordue, supra,* at 358), the specific holding in *Matter of Rush v Mordue (supra)* is not controlling here.

## V

The petitioner maintains that since she was questioned in the Grand Jury proceeding about her alleged statement of April 5, 1995, she automatically received transactional immunity with regard to that alleged statement, such that evidence thereof may not now be used in this perjury prosecution. She claims that *Matter of Rush v Mordue (supra,* at 358) compels this conclusion because it provides that "although the possibility of a conviction for perjury committed before the Grand Jury would not be precluded, the sworn statement given to the police may not be used to prove that perjury". The petitioner's reliance on this language is misplaced, inasmuch as she takes it out of the factual context of that case and attempts to interpret it as a sweeping pronouncement of law applicable to all perjury prosecutions. However, it is clear that the language is limited only to the context of a perjury prose-

cution pursuant to Penal Law § 210.20 which, as previously noted, expressly mandates the consideration of two inconsistent statements and thus raises the possibility that either one may be false. Since under the theory of prosecution contained in Penal Law § 210.20 the prior sworn statement made to the police in *Matter of Rush v Mordue (supra)* might have been false and therefore criminally perjurious, Rush's immunity precluded both his conviction for making that false sworn statement and the People's use of that perjurious statement in any subsequent prosecution. The Court of Appeals emphasized that the use of the prior sworn statement in that case was precluded by immunity precisely because of its possibly perjurious nature: "[b]ecause this indictment would permit the jury either to convict [the] petitioner of the very *crime* for which he has been granted immunity, or to use evidence of that *crime* to convict him of perjury committed before the Grand Jury * * * it is fatally defective" *(Matter of Rush v Mordue, supra,* at 358 [emphasis supplied]).

Unlike the situation in *Matter of Rush v Mordue (supra),* the prosecutor's information in the case before us creates no possibility that the petitioner's alleged prior statement to the authorities could be found false and perjurious. As such, that statement cannot constitute a criminal offense. Since immunity only applies to criminal conduct, the immunity set forth in CPL 50.10 (1) cannot attach to the petitioner's prior statement. Hence, the use of evidence regarding that statement in this prosecution for perjury before the Grand Jury is not precluded. The petitioner's attempt to read *Matter of Rush v Mordue (supra)* more broadly is unpersuasive and is inconsistent with the interpretation of that decision by other legal authorities limiting it to prosecutions arising under Penal Law § 210.20 *(see, e.g., People v Uhrey,* 169 Misc 2d 1015, 1018 [in *Matter of Rush v Mordue (supra),* the petitioner "specifically was asked in the Grand Jury presentation about the former (sworn statement), thus, immunizing him from prosecution for the crime of perjury *about that very same statement"* (emphasis supplied)]; *People v Harris,* 140 Misc 2d 749, 754, *supra [Matter of Rush v Mordue (supra)* "does not seem to foreclose an indictment for perjury under a section other than Penal Law § 210.20 or the utilization of a sworn contradictory statement as some evidence of such perjury"]; Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 210, at 520 [Under *Matter of Rush v Mordue (supra),* "when a defendant with transactional immunity testified in the grand jury that a

prior sworn written statement given to the police on the subject matter of the grand jury investigation, was false, defendant was immunized from prosecution for the falsity of the sworn statement to the police; hence, a perjury prosecution could not be premised on the inconsistent statements theory since under that theory guilt might be premised on the falsity of the statement to the police"]). Accordingly, the use of the testimony of Vecchio and Calore regarding the petitioner's alleged statement on April 5, 1995 to establish that the petitioner subsequently testified falsely before the Grand Jury was proper and did not violate her immunity.

In short, the petitioner is not being prosecuted in connection with her statement to the law enforcement officers on April 5, 1995. That statement was not criminal in nature and, therefore, she is not entitled to immunity with respect to it. Rather, she is being prosecuted for her subsequent, allegedly false Grand Jury testimony, and evidence regarding her prior statement may be used in that prosecution. Were we to accept the petitioner's contrary interpretation of *Matter of Rush v Mordue (supra),* prosecutions for perjury committed in the Grand Jury would be virtually impossible. Indeed, any time a witness appears with immunity in the Grand Jury and commits perjury, that perjury will perforce concern a transaction about which she has been questioned and has given testimony. If the use of any evidence of the subject transaction to prove the perjury is precluded by immunity notwithstanding the non-criminal nature of that transaction, then perjury in a Grand Jury proceeding (or in any other proceeding involving compelled testimony) could never be established, rendering illusory the authority for such prosecutions set forth in CPL 50.10 (1). Although the petitioner attempts to avoid this absurd result by applying her preclusion argument only to evidence of prior statements and not prior conduct, she provides no rational basis or statutory or decisional authority for drawing such an arbitrary distinction.

Given the foregoing, we conclude that the petitioner has failed to demonstrate a clear legal right to the relief she seeks, and that the Supreme Court erred in granting the petition to prohibit the prosecution of the petitioner for perjury in the third degree. Accordingly, that perjury prosecution may go forward.

The judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits.

O'BRIEN, J. P., ALTMAN and McGINITY, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed on the merits.