■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARCHIE TAYLOR, Appellant. [845 NYS2d 140]—

Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered July 9, 2004, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree (three counts), perjury in the first degree (two counts), attempted assault in the second degree, perjury in the second degree, making an apparently sworn false statement in the first degree, resisting arrest, harassment in the second degree, making an apparently sworn false statement in the second degree, and making a punishable false written statement.

Defendant allegedly sicced his dog on two uniformed police officers when they tried to approach him after he sold crack cocaine to undercover officers during a buy-and-bust operation in the City of Schenectady, Schenectady County. An officer shot the dog while defendant ran. He was later apprehended while he was attempting to scale a fence and, after a struggle, arrested. A search revealed that defendant possessed a glass vial containing crack cocaine, as well as the marked "buy money" used by the undercover officers. Thereafter, in a written statement to an officer assigned to the internal affairs bureau and in his grand jury testimony, defendant claimed that he had never sold crack cocaine to anyone; rather, he maintained that after a woman inexplicably gave him $20 on the street, police officers confronted him, shot his dog without provocation and yelled racial slurs at him. He stated that he ran in fear but gave himself up, at which point the officers physically attacked him,

punching, kicking and choking him, and then planted crack cocaine on his person.

Defendant's claims were later determined to be unfounded and he was charged in two indictments with numerous counts relating to the drug sales, his violently resisting arrest and making a false statement. The matter proceeded to trial, at the close of which a jury found defendant guilty of the crimes set forth above. He was thereafter sentenced to an aggregate term of 8⅓ to 25 years in prison. Defendant now appeals.

Initially, we note the People's concession that although the issue is not preserved for our review, the evidence presented at trial was insufficient to prove counts 6 and 7 of the second indictment, which charged perjury in the second degree and making an apparently sworn false statement in the first degree, respectively. The People urge the Court to reduce those convictions and further concede that count 8 of the second indictment, which charged making an apparently sworn false statement in the second degree, should be dismissed as inclusory (*see* CPL 300.30 [4]). As defendant asserts, the written statement underlying counts 6 and 7—in which he alleged police misconduct during his arrest—was not a written instrument "for which an oath is required by law," an element of both crimes (Penal Law §§ 210.10, 210.40; *see People v Hart*, 90 AD2d 856, 857 [1982]). That statement was signed and contained a notice pursuant to Penal Law § 210.45, however, and there was testimony that defendant was informed that he was under oath prior to making the statement. The evidence was therefore sufficient to support convictions of perjury in the third degree and making an apparently sworn false statement in the second degree and those convictions are not against the weight of the evidence (*see* Penal Law §§ 210.05, 210.35; *People v McCulloch*, 226 AD2d 848, 849 [1996], *lv denied* 88 NY2d 1070 [1996]; *People v Hart*, 90 AD2d at 857-858). Accordingly, we exercise our interest of justice jurisdiction and reduce defendant's convictions of perjury in the second degree (count 6) and making an apparently sworn false statement in the first degree (count 7) to perjury in the third degree and making an apparently sworn false statement in the second degree, respectively. We further dismiss his conviction of making an apparently sworn false statement in the second degree (count 8), and remit to County Court for resentencing.

Turning to the remaining arguments, we reject defendant's argument that his separate convictions of perjury in the first

degree were against the weight of the evidence.[1] A defendant "is guilty of perjury in the first degree when he [or she] swears falsely and when his [or her] false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (Penal Law § 210.15). Defendant asserts that his grand jury testimony was not material to the crime investigated by the grand jury. We disagree.

False testimony is material if it " 'has the natural effect or tendency to impede, influence or dissuade the grand jury from pursuing its investigation' " (*People v Davis*, 53 NY2d 164, 171 [1981] [citation omitted]; *see People v Thomas*, 162 AD2d 822, 823 [1990]). The relevant counts of the second indictment, counts 1 and 5, charged defendant with perjury in the first degree based upon his testimony before the grand jury that he did not sell crack cocaine. As noted above, defendant claimed instead that when one of the undercover officers gave him a $20 bill, he simply pointed at an empty cigarette pack on the ground and walked away, and that other officers subsequently planted crack cocaine on him. This testimony was in direct conflict with that of the undercover and arresting officers who testified extensively at trial regarding the details of the buy-and-bust operation and defendant's subsequent arrest. Viewing the evidence in a neutral light and " 'weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " (*People v Bleakley*, 69 NY2d 490, 495 [1987], quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62 [1943]), the jury's determination that defendant gave false testimony that was material to the grand jury's investigation of whether defendant possessed or sold crack cocaine was not against the weight of the evidence (*see e.g. People v Davis*, 53 NY2d at 171-172; *People v Evans*, 269 AD2d 797, 797 [2000], *lv denied* 95 NY2d 834 [2000]).

Defendant's additional challenges require little further discussion. Defendant's counsel expressly waived defendant's right to be present at sidebar conferences in open court after both County Court and counsel discussed the right with him and, thus, there is no merit to his claim that his right to be present at a material stage of trial was violated (*see People v Keen*, 94 NY2d 533, 538-539 [2000]; *People v Abdullah,* 28 AD3d 940, 941 [2006], *lv denied* 7 NY3d 784 [2006]; *cf. People v McAdams*, 22 AD3d 885, 885-886 [2005]). We are similarly unpersuaded by defendant's argument that he was deprived of a fair trial due to

---

**1.** Defendant's argument that the evidence was not legally sufficient to support these convictions is unpreserved for our review.

the People's failure to timely turn over *Brady* material—certain grand jury testimony[2]—in response to his general demand for disclosure. Defendant claims that the grand jury testimony was exculpatory because it differed from that of the undercover investigators to the extent that the witness claimed that defendant placed crack cocaine in a cigarette pack, rather than handing it directly to the female undercover officer, and the witness indicated that he did not observe a second sale to a male undercover officer. Our review of the testimony reveals, however, that the witness directly contradicted defendant's version of events in nearly every material respect, stating that defendant possessed crack cocaine, used cigarette packs to transfer the drugs, engaged in multiple drug sales both prior to and on the day at issue—including a sale to one of the undercover officers—and then sicced his dog on the police and wrestled with the officers as they tried to apprehend him. Inasmuch as there is no reasonable probability that the outcome of the trial would have been different if the material had been produced in a timely fashion, reversal is not required (*see People v Monroe*, 17 AD3d 863, 864 [2005]; *People v Hawes*, 298 AD2d 706, 708 [2002], *lv denied* 99 NY2d 582 [2003]).

Finally, we have reviewed defendant's remaining arguments regarding ineffective assistance of counsel and find them to be meritless. His argument that his sentence is harsh and excessive is academic in light of our conclusion that remittal for resentencing is necessary.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by (1) reversing defendant's conviction of making an apparently sworn false statement in the second degree under count 8 of the second indictment, (2) reducing defendant's conviction of perjury in the second degree under count 6 of the second indictment to perjury in the third degree, and (3) reducing defendant's conviction of making an apparently sworn false statement in the first degree under count 7 of the second indictment to making an apparently sworn false statement in the second degree; vacate the sentences imposed on counts 6 and 7 and dismiss count 8 and matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.

---

2. Although the People contend that the grand jury testimony at issue— given by an individual listed on the People's witness list who was never called at trial—is not contained in the record and urge us to remit for reconstruction of the record, a transcript of the testimony referred to by defendant appears twice in the record.