*235 OPINION OF THE COURT
Martin I. Efman, J.
Defendant has requested reduction or dismissal based upon inspection of the grand jury minutes. The People consent to an in camera inspection.
After careful consideration and for the reasons stated below, the court determines that the evidence presented to the grand jury was not legally sufficient to sustain the elements of making an apparently sworn false statement in the first degree in violation of Penal Law § 210.40 and, pursuant to CPL 210.20 (1) (b), hereby reduces count one to making a punishable false written statement in violation of Penal Law § 210.45.
The underlying facts of the indictment arise out of a police investigation concerning a stolen 1963 Ford Thunderbird. The owner, who was traveling out of state, had requested that defendant safeguard the vehicle. The car was stored at defendant’s residence. When the owner returned, the car was gone. On October 4, 2010, the owner reported to police that it had been stolen. On October 27, 2010, police questioned defendant Rocco Panaro at his home. Testimony of the investigating detective described this interview as the “beginning stages of the investigation” (grand jury testimony of June 1, 2011). That same date, defendant signed a written statement that, in sum, reported that he had noticed the car was missing from his home in February 2010 and suggested that the owner’s brother might have further information. The statement of October 27, 2010 bears a form notice to the effect that false statements made therein are punishable as a class A misdemeanor pursuant to Penal Law § 210.45. On December 8, 2010, after police investigators had determined that defendant had sold the car earlier in early 2010, defendant was arrested. That same date, he signed a second police statement acknowledging that he had not been truthful and that he had in fact sold the car.
Subsequently, the prosecutor instructed the grand jury on several criminal charges, but the vote was to true bill only the charge of making an apparently sworn false statement in the first degree (Penal Law § 210.40). The charge was based on defendant’s October 27, 2010 statement to police.
Defendant raises a specific argument that the People failed to present evidence of a pending action, proceeding or matter as required by Penal Law § 210.40. A necessary element of this statute is that “such false statement is material to the action, *236 proceeding or matter involved.” In pertinent part, Penal Law § 210.00 (4) defines the false statement as a written instrument whose “legal efficacy in a court of law or before any public or governmental body, agency or public servant” is dependent upon its being made under oath. In this instance, the evidence presented to the grand jury “established that the statement was, purely and simply, a witness’ statement, as is typically obtained by the police during criminal investigations before any formal criminal proceedings against anyone have been commenced” (People v Hart, 90 AD2d 856, 857 [3d Dept 1982]). In a similar case, the Third Department reduced defendant’s conviction for making an apparently sworn false statement in the first degree to a misdemeanor where defendant provided a written statement to a police internal affairs officer investigating a claim of police misconduct (People v Taylor, 44 AD3d 1159 [3d Dept 2007], lv denied 9 NY3d 1039 [2008]). As in this case, defendant’s statement was signed and contained a notice pursuant to Penal Law § 210.45. However, the Court held that the written statement did not constitute a written instrument for which an oath is required by law, a requisite element of the crime (id. at 1161).
In reaching this decision, the court has also considered cases addressing the sufficiency of evidence against defendants charged with perjury in the first degree, which also includes the element of materiality to an action, proceeding or matter (Penal Law § 210.15). In People v Uhrey (169 Misc 2d 1015 [Sup Ct, Kings County 1996]), the court similarly held that a mere witness statement to law enforcement does not automatically convert a criminal investigation into a proceeding. The court determined that an oral statement at a meeting with a prosecutor investigating a murder was insufficient to support the charge of perjury in the first degree as the oral statement was not testimony as required by statute:
“This court finds that a proceeding necessarily envisions some eventual judicial or administrative intervention, where, under the authority of law, the public factual and legal resolution of interests is determined by a fact finder. . . .
“If the People’s argument is carried to its logical conclusion, then any part of a criminal investigation, including statements made to a police officer under oath, comprise a ‘proceeding.’ This reasoning is faulty in that a criminal investigation does not *237 always, nor must it necessarily end in a proceeding. Moreover, the administration of an oath by an ADA is akin to a notary public who, too, is authorized by statute to administer an oath. The administration of an oath does not a proceeding make.” (Id. at 1017-1018.)
In this instance, there is no evidence of a pending action, proceeding or matter related to defendant’s statement of October 27, 2010. Although the grand jury was correctly instructed on the legal elements of Penal Law § 210.40, there was no factual evidence presented to establish this element. This is underscored by grand jury testimony that the statement was taken during the early stages of the investigation and by the face of the indictment, which makes no reference to a pending proceeding as defined by Penal Law § 210.00 (4). To characterize defendant’s statement to police as more than a witness statement would stretch the application of Penal Law § 210.40 “beyond the breaking point” (People v Polk, 100 Misc 2d 435, 437 [Sup Ct, Onondaga County 1979]).
For these reasons, the court finds as a matter of law that the People have failed to sustain necessary elements of the crime of making an apparently sworn false statement in the first degree in violation of Penal Law § 210.40. Accordingly, count one of the indictment is reduced to making a punishable false written statement in violation of Penal Law § 210.45.
Ordered that defendant’s application to reduce based upon a review of the grand jury minutes is granted.