*825 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the case remitted to that court for consideration of issues not reached on defendant’s appeal to that court.
At defendant’s rape trial, the evidence against him included the testimony of the 15-year-old victim, who had known defendant for years, and expert testimony regarding the detection of sperm on the victim’s underwear. To meet this evidence, defendant applied for a ruling under CPL 60.42 in order to call 17-year-old William Blake, defendant’s brother-in-law, to testify as to his sexual relations with the victim on the day of the crime or shortly before. On his attorney’s advice, Blake refused to provide such testimony on the ground that it could subject him to a charge of sexual misconduct (Penal Law, § 130.20) and the prosecutor declined to ask the court to confer immunity on the witness, thereby precluding the court from doing so (CPL 50.30). During the offer of proof, the prosecutor admitted that, despite prior instruction by Blake’s attorney that he not be questioned outside the presence of counsel, she had spoken to Blake alone in the hallway of the courthouse earlier that day. The only evidence in the record of the content of this conversation is the prosecutor’s statement that she asked Blake why he had not mentioned his sexual relationship with the victim at the time of the Grand Jury presentation and whether he had in fact had sex with the victim on July 5, to which Blake responded negatively. Blake’s only comment on the episode was that the prosecutor had not asked the latter question. The Appellate Division reversed defendant’s conviction for first degree rape because, in the majority’s view, the prosecutor should have requested the court to confer immunity on the proposed defense witness.
Though a prosecutor possesses the discretion to determine when to immunize a witness, this discretion is subject to review for abuse where, for example, it is exercised to prevent a defendant’s access to a police informant active in the crime (People v Sapia, 41 NY2d 160, cert den 434 US 823), or the prosecutor “builds his case with immunized witnesses but denies the defendant a similar opportunity *826 or affirmatively threatens the defendant’s witnesses with prosecution for peijury if they give evidence favorable to the defense” (People v Adams, 53 NY2d 241, 247; see, also, People v Shapiro, 50 NY2d 747). The record here reveals no such abuse. The absence óf current charges against the witness with respect to the subject of the proposed testimony does not establish bad faith on the part of the prosecutor. Nor can we presume overreaching by virtue of her private discussion with the witness, especially where the only record of the content of the conversation indicates no intimidation or coercion. The prosecutor’s inexcusable violation of Blake’s right to counsel does not constitute an interference with defendant’s right to present a defense.
Though the Appellate Division based its decision on the prosecutor’s refusal to request immunity, it mentioned as error — now relied upon by defendant in support of the result below — the court’s instruction that the jury could disregard a “minor variance” between the time of the offense as charged in the indictment (“at or about 10:30 p.m.”) and the time of the offense as proven at trial. This instruction was thought to prejudice defendant in light of his alibi, which placed him at another location until at least 10:45 p.m. We do not believe that this charge constituted reversible error. The precise moment of a rape is not a material element of the crime. In such a situation, reliance on the exact time contained in the indictment is not justified and any prejudice resulting from such reliance is not ground for reversal (see People v Charles, 61 NY2d 321, 326-327; People v Spann, 56 NY2d 469). The absence of recognizable prejudice is especially evident here, where the prosecutor in the midst of trial reminded defense counsel that the indictment merely charged that the crime occurred at or about 10:30.
We have considered defendant’s remaining contentions, to the extent they have been preserved for our review, and we find them to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Meyer, Simons and Kaye concur; Judge Wachtler taking no part.
Order reversed and case remitted to the Appellate Division, Third Department, for further proceedings in accordance with the memorandum herein.