■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BENEDICT, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered July 12, 1984, upon a verdict convicting defendant of the crime of burglary in the third degree.

In the early morning hours of June 17, 1983, Eureka Camping Center (Eureka), a manufacturing warehouse and retail store in Broome County, was broken into and a 400-pound safe containing $1,538 in cash and $2,738 in checks was stolen. At trial, evidence implicating defendant in the crime included accomplice testimony and admissions made by defendant to five other persons who swore that defendant admitted to them that he had participated in the Eureka burglary.

As a part of his defense, defendant attempted to have Larry Blank, an acknowledged participant in the crime, testify. Earlier, Blank had pleaded guilty to the Eureka burglary but, at the time of defendant's trial, had an appeal from that conviction pending. When made aware that if his appeal proved successful, testimony given by him at defendant's trial could be used against him in the future, Blank refused to testify, invoking his 5th Amendment right against self-incrimination. An offer of proof by defense counsel disclosed that Blank's testimony would have been that defendant had no connection with the crime. Though asked to do so, the prose-

cutor refused to request the trial court to grant Blank immunity. Over defendant's objection, the court then ruled that the defense would not be permitted to call Blank as a witness. Defendant, testifying in his own behalf, denied any involvement in the crime; as noted, the jury found otherwise.

On appeal, defendant claims that the accomplice testimony was not sufficiently corroborated and, further, that his due process right to a fair trial was violated when the People declined to request immunity for Blank. The contention that corroboration is wanting lacks substance, for defendant's several admissions that he had indeed perpetrated the Eureka burglary clearly connect him to the crime (see, People v Lewis, 107 AD2d 838, 840; see also, People v Glasper, 52 NY2d 970, 971). Inconsistencies in the corroborating witnesses' testimony, developed on cross-examination, simply presented credibility questions for the jury.

Nor do we find merit in defendant's assertion that his trial was less than fair. CPL 50.30 vests in the prosecutor alone the power to obtain immunity for witnesses. There have been occasions where the exercise of that power has been found to infringe upon a defendant's due process right to a fair trial, particularly when the prosecution builds its case on immunized witnesses favorable to the People, but is unwilling to accord immunity to potential defense witnesses, or affirmatively threatens the defendant's witnesses with prosecution for perjury if they give evidence favorable to the defense (People v Shapiro, 50 NY2d 747, 760; see, People v Adams, 53 NY2d 241, 247).

Initially, we observe that here the testimony of but a single witness for the People was immunized; plainly, there was no impermissible building of the People's case. Nor is there any indication of bad faith or misconduct on the part of the prosecution (see, People v Owens, 97 AD2d 855, 857 [Casey, J., dissenting], revd 63 NY2d 824). Surely the People cannot be faulted for being unwilling to confer immunity upon Blank for the very crime both he and defendant were accused of committing and, more significantly, the factual pattern here counsels against the prosecution granting immunity. Indeed, under these circumstances, "to permit a defendant to override the prosecutor's discretion * * * could itself lead to abuses of the immunity statute" (People v Adams, supra, pp 247-248), including the possibility that the witness might avoid prosecution for a past crime.

Judgment affirmed. Kane, J. P., Main, Casey, Yesawich, Jr., and Harvey, JJ., concur.