■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSCAR JIGGETTS, Appellant.—Judgment, Supreme Court, New York County (William J. Davis, J.), rendered June 3, 1988, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of stolen property in the fourth degree, and sentencing him, as a predicate violent felony offender, to concurrent terms of 12½ to 25 years and 2 to 4 years respectively, unanimously affirmed.

The victim was robbed at knifepoint of her purse, which contained the keys to her house, car and locker at work, as well as $45. The perpetrator was apprehended by police after a chase that started when the victim and her husband saw him driving her car. A knife recovered from the car was identified by the victim as the one used in the attack, and recovered from his person were the keys to the victim's locker at work and $45.

Defendant was identified by the victim at a show up in the vicinity of the crime at which defendant was handcuffed.

On appeal, defendant argues that he was denied effective assistance of counsel because his trial lawyer did not move to suppress testimony of a suggestive and unnecessary show up identification. However, defendant's failure to raise this issue by way of a CPL 440.10 motion, which would have permitted inquiry into defense counsel's preparation and strategy and given him an opportunity to state his specific reasons for not moving for suppression, makes review of defendant's claim impossible. Generally, direct appeal is not an appropriate method for seeking review of trial counsel's effectiveness. *(See, People v Love,* 57 NY2d 998.)

In any event, a showing that trial counsel failed to make a particular pretrial motion generally does not, by itself, establish ineffective assistance of counsel *(People v Rivera,* 71 NY2d 705, 709). Defense counsel here argued on summation that the show up was not meaningful because of its suggestiveness, specifically comparing it to a line up for purposes of pointing out its inherent unreliability. This challenge to the People's evidence of identification at trial, rather than by way of pretrial motions, was a legitimate strategy *(see, People v Thompson,* 69 NY2d 661, 662-663), given the close temporal and spatial proximity of the show up to the crime, and the small chances that suppression would be granted *(see, People v Love,* 57 NY2d 1023). Concur—Milonas, J. P., Rosenberger, Ellerin, Ross and Rubin, JJ.