■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VITO PAMPALONE, Appellant.—Judgment of the Supreme Court, Bronx County (William H. Wallace III, J.), rendered February 9, 1990, convicting defendant after a jury trial of attempted murder in the second degree, and criminal use of a firearm in the first degree, for which he was sentenced to concurrent terms of 6 to 18 years imprisonment, unanimously affirmed.

Defendant engaged in an argument with the victim, his landlord, which culminated in the defendant shooting the victim with a .22 caliber rifle. Two witnesses heard the victim exclaim that defendant had shot him and the victim also made such a statement to a responding police officer. This officer, who drove the victim to a hospital, did not immediately pass on this information to other later arriving officers. Defendant, who was not a suspect at the time, told these latter officers an exculpatory version of what had transpired. He consented to their entry into his storefront, and voluntarily accompanied them to the precinct with another witness. These officers testified that defendant, after giving his statement, still was not a suspect. Upon the first responding officer telephoning the precinct and informing the detectives that the victim had accused defendant, defendant was immediately provided *Miranda* warnings, and upon his request for counsel, the interview ceased.

We find no reason to disturb the findings of the hearing court. We conclude that defendant was not in custody at the scene, and voluntarily consented to police entry into his premises. The evidence recovered inside was properly admitted into evidence. We reject defendant's contention that the police remaining at the scene necessarily had probable cause to arrest him when they responded, and were required to

arrest him at that time *(People v Entzminger,* 163 AD2d 138, 141, *lv denied* 76 NY2d 939). We also reject defendant's contention that the court abused its discretion in the imposition of sentence *(People v Farrar,* 52 NY2d 302, 305).

Defendant's failure to move pursuant to CPL 440.10 to vacate the judgment on the basis of ineffective assistance of counsel denies this court the opportunity to consider material *de hors* this record *(see, People v Bennett,* 157 AD2d 630). As such, this court is reduced to second-guessing counsel's strategic choices in reviewing defendant's appellate claim. On the present state of the record we cannot conclude that defendant was deprived of meaningful assistance at trial *(see, People v Rivera,* 71 NY2d 705). We have examined defendant's other claims and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Kassal, JJ.