(November 25, 1992)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH GARCIA, Appellant.—Mahoney, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered November 17, 1988, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sexual abuse in the first degree (eight counts) and endangering the welfare of a child.

On this appeal, arising out of defendant's conviction of rape and sexual abuse of his two minor stepdaughters, he principally argues that he was denied effective assistance of counsel. This charge is grounded upon defense counsel's failure to introduce into evidence the report of a physician who examined one of the children alleged to be victims of the charged crimes. According to the report, physical examination revealed the child's hymen to be intact and the attending physician noted no signs of acute vaginal trauma or scarring.

We affirm. Inasmuch as defendant's claim of ineffective assistance is based upon matters dehors the record, it is more properly the subject of a CPL 440.10 motion to vacate the conviction rather than a direct appeal *(see, e.g., People v Love,* 57 NY2d 998, 999-1000; *People v Brown,* 45 NY2d 852, 854; *People v Pampalone,* 183 AD2d 431; *People v Jiggetts,* 178 AD2d 332, *lv denied* 79 NY2d 949). Proceeding in such a manner would have permitted inquiry into defense counsel's preparation and strategy and given counsel an opportunity to state the specific reasons for not introducing the report *(see, People v Jiggetts, supra).* Absent such, review of defendant's claim is essentially impossible.

On the basis of the record as it exists, however, we find that defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137). Success on a claim of ineffective assistance of counsel "requires proof of less than meaningful representation, rather than simple disagreement with strate-

gies and tactics" *(People v Rivera,* 71 NY2d 705, 708-709). Accordingly, in order to prevail, defendant must demonstrate the absence of strategic or other legitimate explanations for counsel's failure to introduce the report *(cf., supra).* However, no such showing was made. Nor is this a case where it is possible from a review of the record alone to reject all legitimate explanations for counsel's failure to introduce this evidence. Rather, a review of the report itself and defense counsel's unsuccessful pretrial motion to compel the child to submit to another physical examination, both of which are contained in the record, demonstrate that the report had inherent weaknesses. Chief among them was the fact that the exam was conducted approximately one year after the rape allegedly occurred and that the report contained the stated conclusion of the examining physician that the child was sexually abused notwithstanding the lack of demonstrative physical evidence. Because introduction of this document would put before the jury an expert opinion of sexual abuse, further corroborate the child's in-court testimony and, as such, could reasonably prove to be ultimately more damaging to defendant than helpful, it cannot be said on this record that there is no legitimate explanation for defense counsel's withholding it.

We have reviewed defendant's remaining contention and find it to be without merit.

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.