■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DONAHUE, Appellant. [653 NYS2d 968] —Crew III, J. Appeal, by permission, from an order of the County Court of Broome County (Mathews, J.), entered January 16, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate a judgment convicting him of the crimes of burglary in the first degree (three counts), robbery in the second degree, assault in the first degree and attempted robbery in the first degree (two counts), after a hearing.

Defendant was charged with various crimes arising from two incidents in which he assaulted and robbed an elderly man in his apartment. He was convicted after trial of three counts of burglary in the first degree, one count of robbery in the second degree, one count of assault in the first degree and two counts of attempted robbery in the first degree. Defendant's conviction was based in part upon the testimony of Roy Swackhammer, who stated that defendant admitted to him that he was the perpetrator of the crimes and that another individual confirmed this information.

Following the trial, defendant made a motion pursuant to CPL article 440 to vacate his conviction on the ground of newly discovered evidence—specifically, a statement by Swackhammer recanting his trial testimony. At the hearing that County Court conducted on the motion, Swackhammer invoked his 5th Amendment right against self-incrimination and the prosecution refused to grant his request for immunity. After conducting in camera proceedings on the immunity issue, County Court refused to compel the prosecution to grant Swackhammer immunity. The hearing continued without Swackhammer's testimony but with the testimony of the District Attorney's chief investigator. County Court thereafter denied defendant's motion to vacate the conviction, and this appeal ensued.

Defendant argues that he was denied his right to a hearing on his CPL article 440 motion because the prosecution wrongfully refused to grant Swackhammer immunity. Based upon our review of the record, we find this argument to be without merit. The decision to deny immunity to a witness is within

the discretion of the prosecution and will be overturned only where it is shown that the prosecution abused such discretion by engaging in bad faith or misconduct (*see, People v Bell*, 206 AD2d 686, 688, *lv denied* 84 NY2d 866; *People v Benedict*, 115 AD2d 795, 796, *affd* 68 NY2d 832, *cert denied* 480 US 937; *see also, People v Owens*, 63 NY2d 824, 825-826). There is no evidence of bad faith or misconduct on the part of the prosecution in the instant case. Contrary to defendant's claim, there is no proof that the District Attorney's chief investigator threatened to prosecute Swackhammer for perjury if he testified at the hearing on the CPL article 440 motion. Moreover, our review of the proceedings held in camera reveals that County Court had a sound basis for disbelieving Swackhammer's recanted statement (*see, e.g., People v Osorio*, 86 AD2d 233, *appeal dismissed* 57 NY2d 671). Therefore, we conclude that the prosecution did not abuse its discretion in denying immunity to Swackhammer and that County Court properly denied defendant's motion.

Mikoll, J. P., White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed.