■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENISE Y. SMITH, Appellant. [669 NYS2d 683] —Mikoll, J. P. Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered November 25, 1996, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the seventh degree (two counts).

The underlying facts of this case involve the purchase of drugs by Robert Birk, a police officer from the Hudson City Police Department on April 24, 1996. Birk, working undercover, was riding around in an unmarked car looking for people who were dealing in drug sales. Edward Simmons approached him, wanting to deal with him. Simmons offered to get Birk "two", meaning two pieces of crack cocaine. At Simmons' direction, they proceeded in Birk's car to Schuyler Court Apartments in the City of Hudson, Columbia County. Simmons entered the building, returning sans drugs but indicating that he could get them at a different location. Simmons and Birk then proceeded to Columbia Apartments. Simmons returned again without any drugs, stating that they only had "40s" and not "30s".

Simmons then spotted defendant and proceeded to engage her in conversation. Defendant testified that she agreed to do Simmons a favor and buy some drugs for him. Simmons informed Birk that defendant could get some drugs but that they needed to return to Schuyler Court. Once at Schuyler

Court, defendant went into the building. Simmons and defendant conversed at some point and Simmons told Birk that defendant wanted the money up front. Birk refused to pay until he received the drugs. Defendant reentered the building, where she testified that she conversed with Gladys Holloway and told her that Eddie "needs two for thirty". Holloway followed defendant to Birk's car where Holloway gave defendant two "rocks" (pieces of cocaine). Defendant contended that she gave Simmons one rock and kept one for herself since she would realize no benefit from the sale. Defendant claims that Simmons put the rock on the seat of the car and gave defendant the money, who in turn gave it to Holloway. Birk, however, stated that defendant gave him the drugs directly. He could not say if Holloway handed the drugs to defendant beforehand or if defendant gave the money to Holloway after the transaction, but that he did see defendant return to Holloway after he gave defendant the money. Birk asked defendant if the drugs were good which she confirmed to be so.

Birk returned to the area approximately a half hour later looking for Simmons. He eventually saw defendant and asked if she could procure more drugs for him. Once again he drove to Schuyler Court to meet defendant. He refused to give her money up front. Defendant then went to Holloway's apartment to secure drugs. Holloway exited the apartment. According to defendant, Holloway handed the drugs to defendant. Both defendant and Birk confirmed that defendant then handed the drugs to Birk, who gave her money which she handed over to Holloway. Defendant stated that she received nothing for this transaction and gave all the money to Holloway. No prerecorded money was found on defendant after she was arrested. Defendant said that she took no part of the two rocks because Holloway was immediately there. Defendant testified that she never received drugs from Holloway for arranging drug buys. To the contrary, however, Detective Sergeant Frances Abitabile testified that defendant told her that she received a piece of cocaine after each sale.

While riding away from the scene in Birk's car, defendant told Birk that he should deal with her in the future, that she would take care of him. Birk understood this to mean he should do business with her. Defendant claimed she meant to imply that if she took care of Birk, he would give her something in return. Defendant told Birk where to contact her in the future. Upon getting out of the car, defendant was arrested and a rock and a stem (a pipe used to smoke drugs) were found on her person.

Defendant was convicted and sentenced to a prison term of 10 to 20 years on each of the two sale charges and a definite term of one year on each of the two possession charges; all sentences were imposed concurrently.

Defendant ascribes error to County Court's refusal to charge an agency defense as to count three of the indictment, the alleged second drug sale of the day to Birk. Whether a defendant is entitled to an agency defense charge depends on the relationship between the defendant and the buyer (*People v Herring*, 83 NY2d 780, 782). The facts herein indicate that defendant met Birk a very short time before the transactions occurred. She had no ongoing relationship with him. Defendant was steeped in the drug culture and had a relationship with Holloway. She knew where to secure drugs and had a prior conviction involving drugs. She also vouched for the quality of the drugs. Her actions in this drug transaction, though intermediary in nature, did not warrant an agency charge (*see, People v Argibay*, 45 NY2d 45, 53, *cert denied sub nom. Hahn-DiGuiseppe v New York*, 439 US 930). In order for the agency defense to be implicated, the defendant must have no direct interest in the contraband (*People v Roche*, 45 NY2d 78, 85, *cert denied* 439 US 958). Here, defendant indicated that she did not take a piece of the cocaine only because Holloway was there. She testified, too, that she never received drugs from Holloway for arranging drug buys. To the contrary, Abitabile testified that defendant told her that she received a piece of cocaine after each buy. We find that County Court correctly stated the law and allowed the jury to decide the facts.

Defendant also alleges error in that the agency instruction as to count one of the indictment erroneously stated that defendant could not have received any benefit from the transaction. Specifically, defendant was concerned that the jurors would conclude that because she had an interest in obtaining drugs for her own use, she could not be an agent. Defendant contends that she paid with her own money for the rock she kept from the first transaction. This is belied by the record. Defendant testified that she kept one rock because she would not otherwise benefit from the transaction. We find the instruction to be proper in that County Court stated that defendant had to be acting solely as an agent of the buyer and in no other capacity (*see, People v Herring, supra*, at 782).

The next allegation of error is that the prosecutor abused her discretion in not requesting a grant of immunity to Simmons and Holloway as defense witnesses, causing defendant's due process rights to a fair trial to be violated. We disagree.

Pursuant to CPL 50.30, the trial court may confer immunity to witnesses in a criminal proceeding only when expressly requested to do so by the District Attorney. The decision of the District Attorney is discretionary and not reviewable unless the District Attorney acts with bad faith to deprive a defendant of his or her right to a fair trial (*see, People v Adams*, 53 NY2d 241).

We find no abuse of discretion here. Both Simmons and Holloway were active participants in the crime or, at the very least, witnesses to the transfer of narcotics by defendant to the undercover officer. We cannot presume to infer that their testimony would exonerate defendant. Nor does the absence of current charges against them establish bad faith on the part of the prosecutor (*see, People v Owens*, 63 NY2d 824) in refusing to request a grant of immunity.

On the issue of harshness and excessiveness of the sentences imposed, we find no abuse of discretion (*see, People v Du Bray*, 76 AD2d 976, 977) or extraordinary circumstances that would justify a reduction of the sentences (*see, People v Fish*, 235 AD2d 578, *lv denied* 89 NY2d 1092). Defendant has a prior felony conviction for criminal sale of a controlled substance in the third degree, occurring within the last two years. In view thereof, we decline to disturb the sentences imposed by County Court.

White, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.