■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. MAGEE, Appellant. [695 NYS2d 166] —Mikoll, J. P. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered May 7, 1998, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts).

Defendant's principal contention on this appeal is that

County Court erred in denying his request to instruct the jury on the agency defense in connection with his sales of controlled substances to an undercover State Police investigator.

On September 16, 1997, State Police Investigators Cheryl Sickler and Michael Franz, engaged in undercover narcotics operations, were seated in their vehicle parked on West Clinton Street in the City of Ithaca, Tompkins County. When Sickler rolled down her window, defendant approached and Sickler asked him whether an individual named "Ready" was around. Defendant replied that he was not, but asked, "What do you need?" Sickler stated that she wanted a "twenty", denoting a $20 packet of crack cocaine. Defendant responded that he could provide that, as well as Valium and Percocet, but would have to be first driven to his home. When Sickler asked defendant if he was working with the police, he said, "No, this is how I make my money." Just then, a man on a bicycle appeared on the scene. Telling the officers to wait, defendant walked off a short distance and conversed with the bicyclist. He then returned to the car and handed Sickler a packet containing crack cocaine, and Sickler gave him $20. Defendant then offered her Percocet at $2 per pill, and Sickler gave him an additional $20 for 10 pills (although she received only nine).

Defendant's trial strategy centered exclusively upon an agency defense. His account of the events was essentially the same as Sickler's, except as to the source of the Percocet.* Defendant testified that he had been addicted to crack cocaine since 1989 and had committed numerous crimes directly or indirectly related to his addiction. While denying that he sold drugs, he admitted that he frequently obtained either drugs or money for their purchase through various schemes, including selling fake drugs, and holding himself out as a dealer long enough to obtain money from prospective purchasers, promising to return with drugs, but disappearing thereafter. As to the transaction with Sickler, defendant said that his original intent was to take her money and vanish without producing any drugs. He changed his plan upon the arrival of the bicyclist, from whom he had purchased drugs on numerous prior occasions. He testified that he gave Sickler the cocaine and Percocet in exchange for $40, which he thereafter turned over to the bicyclist. Although he ultimately received nothing from the transaction, he testified that he expected that the bicyclist would give him something for the business, and lamented that he had "worked for him for nothing".

---

* Defendant claimed that he obtained both drugs from the bicyclist while the People maintained that the Percocet was already in defendant's possession and came from a prescription given to his aunt.

An agency defense must be submitted to the jury if any reasonable view of the evidence, considered in the light most favorable to the defendant, supports the conclusion that the defendant, in selling narcotics, was acting "solely on behalf of the buyer such as to be a mere extension or instrumentality of the buyer" (*People v Ortiz*, 76 NY2d 446, 449; *see, People v Argibay*, 45 NY2d 45, 55). The policy underpinning the defense is that persons who purchase or possess drugs, including those acting on their behalf, warrant less severe criminal liability than those who sell them. Consequently, availability of the defense hinges entirely on the relationship between the defendant and the buyer, and whether the circumstances of the transaction indicate that defendant's involvement in the crime was solely for the accommodation of the buyer (*see, People v Herring*, 83 NY2d 780, 782; *People v Smith*, 247 AD2d 781).

We agree with County Court's determination that the agency charge was not warranted here. No reasonable view of the trial evidence supported a finding that defendant's involvement in the crimes stemmed solely from his desire to accommodate Sickler, with whom he had no prior acquaintance. While the conversation was initiated by Sickler's inquiry about "Ready", defendant followed up on his response by asking what the officer desired, and offering to supply it. By his own admission, defendant's intent was not to accommodate Sickler but to "scam" her out of her money. When his plans changed upon the arrival of the bicyclist, he obtained the drugs and passed them on to Sickler with the expectation that he would be compensated for his efforts by the dealer. Even when viewed in the light most favorable to defendant, and accepting his testimony as to the source of the Percocet, the evidence was insufficient as a matter of law to require the agency charge. At best, the evidence established that defendant, serving only his own interests, acted as an intermediary between Sickler and the bicyclist, a showing insufficient to implicate an agency charge (*see, People v Herring, supra*, at 782, *People v Argibay, supra*, at 53).

Defendant's remaining contentions do not warrant extended discussion. The claim that he was denied effective assistance of counsel because his attorney conceded the issue of identification and the voluntariness of certain oral statements, and elicited testimony about defendant's prior criminal history outside the *Sandoval* ruling, is without merit. The very essence of the defense strategy was to admit the charged conduct but seek to avoid culpability therefor by invoking the agency defense. What defendant now labels as deficiencies of trial

counsel were tactical decisions fully consistent with, and in furtherance of, that trial strategy. Moreover, as the People did not seek to introduce the statements in question, no prejudice to defendant resulted (*see*, *People v Frascatore*, 200 AD2d 860, 861). Defendant further contends that he was substantially prejudiced by counsel's failure to heed his continued pleas to proffer a psychiatric defense. To the extent this claim rests on alleged conversations between defendant and his former attorneys, these matters are dehors the record and would ordinarily be more appropriately raised in a CPL 440.10 motion (*see*, *People v Garcia*, 187 AD2d 868, *lv denied* 81 NY2d 885). We observe, however, that any such claim may be seriously compromised by defendant's trial testimony that the events of the crime date were "very clear" and his disavowal of the contents of a pretrial affidavit wherein he claimed to be psychotic at the time of the crime.

Mercure, Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.