THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERALD RAYMOND HELSEL, Appellant. [757 NYS2d 207] —Appeal from a judgment of Oswego County Court (Sullivan, Jr., J.), entered January 7, 1980, convicting defendant upon his plea of guilty of attempted robbery in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered in 1980 convicting him upon his plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). Defendant contends that his right to appellate review was violated. We disagree. "[U]nless minutes 'have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated' " (*People v Glass*, 43 NY2d 283, 285-286 [1977], quoting *People v Rivera*, 39 NY2d 519, 523 [1976]). Here, there is no evidence of any fault on the part of the People, nor has defendant otherwise met his burden of establishing that "genuine appealable issues exist, and that alternative methods of providing an adequate record are not available" (*People v Smalls*, 116 AD2d 675, 676 [1986], *lv denied* 67 NY2d 890 [1986]). In any event, the stenographic notes of the instant criminal proceedings were destroyed because defendant waited over 20 years to pursue the appeal. In view of the failure of defendant to pursue this matter sooner, he "cannot be heard to complain of the destruction of the minutes" (*id.*). County Court properly exercised its discretion in denying defendant's request for youthful offender status (*see People v Henderson*, 300 AD2d 1119 [2002]) and, contrary to defendant's contention, the court informed defendant that he was not being sentenced as a youthful offender. Present—Pine, J.P., Scudder, Kehoe, Lawton and Hayes, JJ.