■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON SMITH, Appellant. [772 NYS2d 34]—

Judgment, Supreme Court, New York County (William Wetzel, J.), rendered February 6, 1998, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, and order, same court and Justice, entered on or about October 1, 2003, which, after a hearing, denied defendant's motion to vacate the judgment of conviction pursuant to CPL 440.10, unanimously affirmed.

Our prior order in this matter (301 AD2d 471 [2003]) reversed Supreme Court's summary denial of defendant's CPL 440.10 motion, remanded for a hearing and decision de novo on that motion, and held the appeal from the judgment of conviction in abeyance pending the conclusion of the proceedings on remand. Based on the record of the CPL 440.10 hearing that was held on remand, we now affirm Supreme Court's posthearing denial of the motion to vacate defendant's conviction.

At the hearing, defendant's trial counsel testified that, prior to the trial, he had confirmed that the psychiatrist who had been retained to present an insanity defense would be available to testify. Trial counsel further testified, however, that a civilian witness testified at trial that, while he was restraining defendant after the alleged robbery and awaiting the arrival of the police, defendant offered to split the stolen money with the witness if the witness would allow defendant to escape. Counsel testified that he considered this testimony to be highly credible and likely to cause the psychiatric witness, on cross-examination, to abandon his opinion that defendant had been in a psychotic state at the time of the subject incident. Accordingly, counsel testified, he made a strategic determination not to call the witness. The reasonableness of this strategic choice is confirmed by the psychiatrist's hearing testimony that the testimony concerning defendant's offer to split the robbery proceeds, if credible, "certainly would demolish any contention that [defendant] was in a psychotic state at the time," and would have required the psychiatrist "to abandon his position" on the insanity defense. In view of the testimony by counsel and the psychiatrist, which the hearing court credited, we conclude that defendant received

meaningful representation at trial (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]), and therefore affirm the denial of his CPL 440.10 motion. We do not here address the other grounds on which defendant moved to vacate his conviction, which we rejected in our prior decision (301 AD2d at 473).

On defendant's direct appeal, we affirm the judgment of conviction. We see nothing in the record to indicate that the trial court improvidently exercised its discretion in failing to order, sua sponte, a CPL article 730 examination to determine whether defendant was competent to stand trial (*see People v Tortorici*, 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; *People v Morgan*, 87 NY2d 878 [1995]). In this regard, we do not view the remarks made by the court during the CPL 440.10 hearing as an indication that the court viewed defendant as incompetent at the time of the trial. The court's charge, when viewed as a whole, properly instructed the jury on the intent element of the charged crime and on the affirmative defense of insanity, including the proper burden of proof as to each of these issues (*see People v Kohl*, 72 NY2d 191 [1988]; *see also People v Fields*, 87 NY2d 821 [1995]). Finally, defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Concur—Nardelli, J.P., Tom, Rosenberger and Friedman, JJ.