■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER ROSADO, Appellant. [787 NYS2d 429]—

Mugglin, J. Appeal, by permission, from an order of the County Court of Ulster County (Bruhn, J.), entered June 16, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of murder in the second degree (three counts), burglary in the first degree (two counts), robbery in the first degree (two counts) and hindering prosecution in the first degree, without a hearing.

In 1996, defendant was convicted of murder in the second degree (three counts) and other related crimes and was sentenced to an aggregate term of imprisonment of 20 years to life. On appeal, the judgment of conviction was affirmed (244 AD2d 772 [1997], *lv denied* 91 NY2d 977 [1998]). In 2003, defendant moved pursuant to CPL 440.10 to vacate his judgment of conviction on the ground of ineffective assistance of counsel. County Court denied the motion, without a hearing, finding that the claim of ineffective assistance of counsel was not raised on appeal even though it could have been and that, in any event, defendant did receive the effective assistance of counsel. Defendant appeals and we affirm.

The record establishes that defense counsel reviewed defendant's psychiatric records with him and made a conscious decision not to employ a psychiatrist or use the records, instead relying on defendant's own testimony to establish the affirmative defense of duress. Defendant now asserts that this decision resulted in him receiving ineffective assistance of counsel as those records—submitted in support of this motion—would have aided in establishing that he acted under duress while committing these crimes. As this issue cannot be decided without knowing the content of the psychiatric records—which were not put in evidence at trial—we disagree with County Court that defendant could have raised this issue on direct appeal and hold that it has been properly raised by the CPL 440.10 motion herein (*see People v Magee*, 263 AD2d 763, 766 [1999]). Nonetheless, we conclude that County Court's summary denial of the motion should be affirmed.

To demonstrate the ineffective assistance of counsel, defendant is required to show that "counsel's acts or omissions 'prejudice[d] the defense or defendant's right to a fair trial' " to the point where defendant did not receive meaningful representation (*People v Benevento*, 91 NY2d 708, 713-714 [1998], quoting *People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see People v Berroa*, 99 NY2d 134, 138 [2002]). Whether a defendant received meaningful representation is "viewed in totality and as of the time of the representation" (*People v Baldi*, 54 NY2d 137, 147

[1981]), and "counsel's performance will not be considered ineffective, even if unsuccessful, as long as it reflects an objectively reasonable and legitimate trial strategy under the circumstances and evidence presented," and the defendant must show that such an explanation is lacking (*People v Berroa, supra* at 138; *see People v Henry*, 95 NY2d 563, 565-566 [2000]; *People v Garcia*, 187 AD2d 868, 868-869 [1992], *lv denied* 81 NY2d 885 [1993]).

Here, given trial counsel's conclusion that defendant was not psychotic at the time of trial and in light of those portions of the psychiatric records which would tend to undermine defendant's present claims (*see e.g. People v Smith*, 4 AD3d 163, 164 [2004]), we conclude that trial counsel's strategy might well have been pursued by a reasonably competent attorney (*see People v Satterfield*, 66 NY2d 796, 799 [1985]; *People v Morehouse*, 5 AD3d 925 [2004]; *People v Butler*, 273 AD2d 613, 615 [2000]). Thus, we conclude that defendant has not shown that trial counsel's failure to investigate and utilize defendant's psychiatric records, to aid in establishing the duress defense, constituted less than meaningful representation (*see People v Garcia, supra* at 868-869).

Spain, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed.