THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHANNON DAVIS, Appellant. [788 NYS2d 779]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered June 28, 2002. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and intimidating a victim or witness in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and intimidating a victim or witness in the third degree (§ 215.15 [1]). The People presented evidence that defendant shot an acquaintance four times at point-blank range and contacted the victim by telephone, threatening him with physical harm if he cooperated in the prosecution of

defendant. Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject the further contention of defendant that he was denied effective assistance of counsel and conclude that he received meaningful representation (*see People v Benevento*, 91 NY2d 708, 711-714 [1998]).

Defendant failed to preserve for our review his contention that the proof at trial with respect to count four of the indictment, charging him with intimidation of the victim, was at variance with the indictment and therefore that the evidence is legally insufficient to prove the offense as alleged in the indictment (*see generally People v Gray*, 86 NY2d 10, 19 [1995]). In any event, that contention lacks merit. Although the indictment charged that the offense occurred on July 22, 2001, the same day as the shooting, and the proof established that the offense occurred on August 6, 2001, the time of the offense is not a material element of the offense and the variance is relatively minor. Therefore, contrary to defendant's contention, the error does not require reversal (*see People v Kilgore*, 168 AD2d 830, 830-831 [1990], *lv denied* 77 NY2d 962 [1991]; *see generally People v Owens*, 63 NY2d 824, 826 [1984]; *People v La Marca*, 3 NY2d 452, 458-459 [1957], *mot to amend remittitur granted* 3 NY2d 933, 942 [1957], *rearg denied* 3 NY2d 942, 4 NY2d 960 [1957], *cert denied* 355 US 920 [1958]). Defendant also failed to preserve for our review his contention that remarks made during the prosecutor's summation constituted prosecutorial misconduct, and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Casillas*, 289 AD2d 1063, 1064 [2001], *lv denied* 97 NY2d 752 [2002]). The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that they are either not preserved for our review or are without merit. Present—Green, J.P., Scudder, Martoche, Smith and Lawton, JJ.