■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON J. BOLLING, Appellant. [807 NYS2d 765]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 18, 2002. The judgment convicted defendant, upon a jury verdict, of manslaughter in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree (Penal Law § 125.15 [1]). Defendant failed to preserve for our review his contention concerning the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]), and we reject his contention that the verdict is against the weight of the evidence. Although we agree with defendant that, "based on all the credible evidence a different finding would not have been unreasonable," we conclude that the jury did not fail to give the evidence the weight it should be accorded (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the further contention of defendant, County Court did not err in denying his motion for a hearing on the issue whether the prosecutor had a potential defense witness arrested on a related charge in order to prevent her from testifying at trial. The potential defense witness allegedly was the driver of the vehicle in which defendant and a codefendant were brought to the scene of the crime and in which they were driven away after the victim was killed. A defendant does not have a "constitutional right to require the conferral of immunity on a defense witness who refuses to testify" (*People v Vicaretti*, 54 AD2d 236, 246 [1976]). Rather, "[p]ursuant to CPL 50.30, the trial court may confer immunity to witnesses in a criminal proceeding only when expressly requested to do so by the District Attorney. The decision of the District Attorney is discretionary and not reviewable unless the District Attorney acts with bad faith to deprive a defendant of his or her right to a fair trial" (*People v Smith*, 247 AD2d 781, 784 [1998], *lv denied* 93 NY2d 1027 [1999], citing *People v Adams*, 53 NY2d 241 [1981]; *see People v Owens*, 63 NY2d 824, 825 [1984]). Here, there was no factual foundation for the requested hearing, and thus the court did not err in refusing to conduct a hearing. Defendant failed to preserve for our review his contention concerning alleged prosecutorial misconduct on summation (*see People v Tonge*, 93 NY2d 838, 839-840 [1999]; *see also People v Beggs*, 19 AD3d 1150, 1151 [2005]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see People v Davis*, 15 AD3d 920, 921 [2005], *lv denied* 4 NY3d 885, 5 NY3d 787 [2005]).

Contrary to the further contention of defendant, we conclude that the court did not err in refusing to instruct the jury that, if it found that defendant's conduct was justified with respect to the first count of the indictment, it should cease deliberating and should not consider the second count or any lesser included counts. A court must instruct the jury on the defense of justification with respect to all of the counts submitted for its consideration (*see People v Huntley*, 87 AD2d 488, 494 [1982], *affd* 59 NY2d 868, 869 [1983]; *People v Hoy*, 122 AD2d 618, 619 [1986]). Further, when the jury is instructed to consider the defense of justification in connection with each count charged seriatim, the court must include an instruction to the effect that "a finding of not guilty by reason of justification as to any one of the counts would preclude a verdict of guilty as to its lesser included offenses" (*People v Castro*, 131 AD2d 771, 773 [1987]; *see People v Higgins*, 188 AD2d 839, 840-841 [1992], *lv denied* 81 NY2d 972 [1993]). Here, however, the court did not submit the issue of justification with each count seriatim. Instead, it submitted

the two counts of murder followed by the lesser included charges of manslaughter in the first and second degrees, and then gave an appropriate charge on the defense of justification, instructing the jury to acquit defendant of any charge it found he committed if the People failed to disprove justification beyond a reasonable doubt. Thus, the court's charge was a correct statement of the law when viewed in its entirety (*see People v Coleman*, 70 NY2d 817, 819 [1987]) and adequately conveyed to the jury "the correct principles of law to be applied to the case" (*People v Ladd*, 89 NY2d 893, 896 [1996]; *see generally People v McDaniels*, 19 AD3d 1071 [2005]). Defendant relies on cases decided in the Second Department (*see e.g. People v Feuer*, 11 AD3d 633 [2004]; *People v Ross*, 2 AD3d 465 [2003], *lv denied* 2 NY3d 745 [2004]) and the First Department (*see e.g. People v Roberts*, 280 AD2d 415 [2001], *lv denied* 96 NY2d 906 [2001]) for the proposition that the court is required to instruct the jury that an acquittal of a greater charge on justification grounds precludes conviction of lesser included charges even where the jury is instructed to consider justification only after it has determined what, if any, crime the defendant committed. To the extent that those cases may be read as supporting that proposition, we decline to follow them.

The court did not abuse its discretion in denying defendant's request for youthful offender status (*see generally* CPL 720.20; *People v Helsel*, 303 AD2d 1040 [2003], *lv denied* 100 NY2d 582 [2003]), and the sentence is not unduly harsh or severe. We have examined defendant's remaining contentions and conclude that they are lacking in merit. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.