THIRD DEPARTMENT, FEBRUARY, 2006

(February 2, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYSHAWN DOUGLAS, Appellant. [809 NYS2d 610]—

Mugglin, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 8, 2002, upon a verdict convicting defendant of two counts of the crime of robbery in the second degree.

After a jury trial, defendant was convicted of two counts of robbery in the second degree and sentenced to concurrent prison terms of 10½ years on each count. On this appeal, defendant's counsel and/or defendant pro se, make six arguments. The first contention is that there is insufficient evidence of physical injury to the victim to sustain a conviction for robbery in the second degree. When the People rested, defendant made only a general motion to dismiss which does not preserve for appellate review a claim regarding establishment of a particular element of a crime (*see People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]), even when raised in a posttrial motion to set aside the verdict (*see People v McLean*, 307 AD2d 586, 587 [2003], *lv denied* 100 NY2d 643 [2003]; *People v Tillman*, 273 AD2d 913, 913 [2000], *lv denied* 95 NY2d 939 [2000]). Moreover, on this record, we decline to exercise our interest of justice jurisdiction (*see* CPL 470.15 [3]). Here, the victim testified that defendant, who was known to her, choked her, punched her in the face, threw her to the ground and removed $900 from her purse. As a result, she suffered bruises, abrasions to her elbows and knees, swelling around one eye and swollen and cut lips. As the only defense witness, defendant testified he neither knew the victim nor committed the robbery.

Defendant's second argument, that the verdict was against the weight of the evidence, is premised on his attack on the victim's credibility. In his posttrial pro se motion, defendant claimed to possess evidence which proved that the victim had not told the truth concerning her employment. As the victim's employment records are not in evidence, there is no record support for defendant's argument and, even if true, would not be material to the establishment of the elements of the crime charged. Obviously, the jury resolved credibility issues against defendant, and unless manifestly erroneous, we defer to such resolution (*see People v Polanco*, 13 AD3d 904, 906 [2004], *lv denied* 4 NY3d 802 [2005]). Moreover, defendant's third argument—that he was denied a fair trial because the prosecution

knowingly presented this false evidence of the victim's employment—is completely conjectural as it is without record support.

Defendant's fourth and fifth arguments are also interrelated. Because he is epileptic, he argues both that County Court should have ordered a competency examination (see CPL 730.30) and that his trial counsel was ineffective for not making an application for such an examination. There is a presumption that a defendant is sane and competent (see People v Maldonado, 273 AD2d 537, 540 [2000], lv denied 95 NY2d 867 [2000]) and a CPL 730.30 competency examination should occur only when there is reasonable grounds to believe that a defendant lacks " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him' " (People v Francabandera, 33 NY2d 429, 436 [1974], quoting Dusky v United States, 362 US 402, 402 [1960]). Although defendant made his condition known to the prosecution during the grand jury presentation and to County Court during the sentencing proceeding, we find no error here in failing to question defendant's mental competency, as the record reveals that defendant intelligently participated in every stage of the proceeding, testified in his own behalf and consistently demonstrated adequate knowledge of the substantive and procedural law. For the same reasons, we reject any contention that defendant's right to the effective assistance of counsel was in any way infringed. Moreover, a review of the record in its entirety demonstrates that he did receive meaningful representation (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Rosado, 13 AD3d 902, 903 [2004], lv denied 4 NY3d 835 [2005]).

Lastly, defendant argues that his sentence is both illegal and harsh and excessive. A conviction for robbery in the second degree, a class C violent felony, requires the imposition of a determinate sentence of at least 3½ years but not more than 15 years (see Penal Law § 70.02 [1] [b]; [2] [a]; [3] [b]). Defendant's claim that he should have been sentenced to an indeterminate term is erroneously based on the language of the prior statute. As his sentence is within the permissible statutory range and neither an abuse of discretion nor extraordinary circumstances exists, we refuse to disturb it (see People v Hamlin, 21 AD3d 701, 701-702 [2005], lv denied 5 NY3d 852 [2005]; People v Hanrahan, 9 AD3d 689, 689 [2004]).

Cardona, P.J., Crew III, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.