SUMMARY ORDER
This is an appeal from a May 19, 2008 order and May 29, 2008 judgment of the Southern District of New York (Jones, J.) granting Petitioner-Appellee Leon Smith’s petition for habeas corpus and vacating his conviction for robbery in the second degree on the basis that it was objectively unreasonable for the state trial court not to order sua sponte a hearing regarding Smith’s competency to stand trial. “We review a district court’s decision to grant or deny a habeas petition de novo and its findings of fact for clear error.” Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir.2007). Smith is entitled to habeas relief only if he can demonstrate that the state court’s decision was “contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.” 28 U.S.C. § 2254(d)(1). It is not enough that the state court simply erred in its application of governing federal law; for a federal court to grant habeas, any such error must have been “objectively unreasonable.” Williams v. Taylor, 529 U.S. 362, 409-11, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).
It is well established that where the evidence “raise[s] a sufficient doubt as to a defendant’s competence to stand trial, the failure of the trial court to conduct a competency hearing sua sponte violates due process.” Nicks v. United States, 955 F.2d 161, 168 (2d Cir.1992) (citing Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966)). On direct appeal, the Appellate Division, First Department stated, “[w]e see nothing in the record to indicate that the trial court improvidently exercised its discretion in failing to order, sua sponte, a CPL article 730 examination to determine whether [Smith] was competent to stand trial. In this regard, we do not view the remarks made by the [trial] court during the CPL 440.10 hearing as an indication that the court viewed defendant as incompetent at the time of the trial.” New York v. Smith, 4 A.D.3d 163, 165, 772 N.Y.S.2d 34 (2004) (citations omitted). However, the correct inquiry is not whether the trial court viewed the defendant as competent, but whether it had “reasonable ground ... to conclude that the defendant may not be competent to stand trial.” Nicks, 955 F.2d at 168.
After an independent review of the record, we conclude, for the reasons stated by the district court in its comprehensive and well-reasoned opinion, that “the trial judge had sufficient doubt as to Smith’s competence to require a competency hearing before further proceedings, and that both the Appellate Division and the trial judge’s application of the relevant legal standards were objectively unreasonable.” Smith v. Rock, 554 F.Supp.2d 505, 513 (S.D.N.Y.2008).
*658 Accordingly, the order and judgment of the district court granting the petition for habeas corpus relief are hereby AFFIRMED.