OPINION OF THE COURT
Christopher S. Ciaccio, J.
Defendant Kyle J. Elithorpe appeals from a judgment of Henrietta Town Court (Beikirch, J.), entered December 5, 2013, convicting him after a bench trial of speeding (Vehicle and Traffic Law § 1180 [a]) and driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). The trial court dismissed an additional charge of driving while intoxicated (Vehicle and Traffic Law § 1192 [2]). Defendant was sentenced to a conditional discharge including the mandatory fines, surcharges, license revocation and installation of an ignition interlock device.
For the reasons below, the judgment below is modified in part and reversed in part. Defendant first asserts that his conviction on a violation of Vehicle and Traffic Law § 1180 (a), speed not reasonable under the circumstances, should be vacated and the simplified traffic information dismissed because (1) the traffic information is facially insufficient due to a listing of an inaccurate time of the offense, and (2) the verdict was against the weight of the evidence.
As an initial matter, it does not appear as if defendant made a timely motion to dismiss the simplified traffic information “within forty-five days after arraignment and before commencement of trial, or within such additional time as the court may fix upon application of the defendant made prior to entry of judgement” (CPL 170.30, 255.20 [1]).
The trial record shows that in his pretrial motion papers, defendant did move to dismiss the two charges of driving while intoxicated, however he did not move to dismiss the speeding charge on the basis of a defective accusatory instrument. Accordingly, as this contention is being raised for the first time on appeal, it has not been preserved for appellate review by this court (CPL 470.15 [1]).
*1079 In any event, the court agrees with the trial court that the simplified traffic information was facially sufficient. Deputy Beh testified that the date and time are automatically included on the tickets, such time referring to when the ticket was generated, not the time the offense occurred. Further, a simplified traffic information is not required to have any factual allegations of an evidentiary nature. (CPL 100.10 [2] [a].) It can serve, by itself, as a basis for the prosecution of such charges. Specifically, with regard to defendant’s argument of the incorrect time, reversal is not warranted because “the time of the offense is not a material element of the offense” and the variance here is relatively minor. (People v Davis, 15 AD3d 920, 921 [4th Dept 2005], Iv denied 4 NY3d 885 [2005].)
However, the speeding conviction must be vacated and the simplified traffic information dismissed because the verdict was contrary to the weight of the evidence.
Where a review of the credible evidence would allow the court to conclude that a different finding would not have been unreasonable, the court then must conduct an independent review and assessment of the evidence and a determination of whether the verdict was factually correct (People v Howard, 132 AD3d 1266, 1267 [4th Dept 2015], citing People v Bleakley, 69 NY2d 490, 495 [1987]), and acquit a defendant if not convinced that the factfinder “ ‘was justified in finding that guilt was proven beyond a reasonable doubt’ ” (People v Oberlander, 94 AD3d 1459, 1459 [4th Dept 2012]). The court finds that a different verdict would not have been unreasonable and thus undertakes an independent review of the evidence.
That evidence established that Deputy Christopher Beh of the Monroe County Sheriffs Office responded to the scene of a one-vehicle accident, and asked the defendant what had happened. Defendant admitted that the tire of his truck had gotten “caught” causing him to lose control of his vehicle and strike a mailbox and tree. Deputy Beh observed that the road was snow- and ice-covered and that there were “skid marks” for “quite a distance,” and based on that, he concluded that the defendant had been driving at a speed that was not reasonable under the circumstances. It was his “professional opinion” that defendant was “messing” around in the truck.
However, the People laid no basis for the Deputy’s “professional opinion”—not the actual length of the skid marks, the degree of snow and ice covering the road, the extent of damage to the vehicle, or the extent of damage to the tree and mailbox, other than that there was “mail everywhere.”
*1080 The fact that the defendant lost control of the vehicle on a snow- and ice-covered road is simply not enough to allow a factfinder to conclude, beyond a reasonable doubt, that defendant operated his vehicle at a speed not reasonable and prudent. Thus, the court finds that the lower court’s verdict was contrary to the weight of the evidence. The conviction on the charge of a violation of Vehicle and Traffic Law § 1180 (a) is vacated and the simplified traffic information is dismissed.
Defendant has also moved to reverse his conviction for Vehicle and Traffic Law § 1192 (3), driving while intoxicated, on the ground that the People had not “prove [d] beyond a reasonable doubt that the defendant operated a motor vehicle in an intoxicated condition.” The court will take this to be sufficient preservation of dual arguments, that the evidence was not legally sufficient to convict and that the verdict was contrary to the weight of the evidence.
“A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, ‘there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt.’ ” (People v Danielson, 9 NY3d 342, 349 [2007] [citations omitted]; see also People v Delamota, 18 NY3d 107, 113 [2011].) Defendant’s only argument is that there was no corroboration of defendant’s admission that he was operating the vehicle involved in the accident, therefore, the conviction must be vacated pursuant to Criminal Procedure Law § 60.50. The court disagrees, and finds that defendant’s admissions to driving were sufficiently corroborated under CPL 60.50. Such corroboration includes defendant’s presence at the scene, the observations made by Deputy Beh, defendant’s performance on the field sobriety tests, and the results of the breath test. (See People v Booden, 69 NY2d 185, 187 [1987].) Collectively, this evidence is legally sufficient and provides sufficient corroboration to support defendant’s conviction of driving while intoxicated.
Under a weight of the evidence analysis, the court has reviewed, under the standard set forth above, whether the credible evidence would allow the court to conclude that a different finding would not have been unreasonable. The court finds that a verdict of not guilty would not have been unreasonable, and so conducts, as it must, an independent review and assessment of the evidence and a determination of whether the verdict was factually correct. (People v Howard, 132 AD3d *1081 1266, 1267 [4th Dept 2015], citing People v Bleakley, 69 NY2d 490, 495 [1987].) If not convinced that the factfinder “was justified in finding that guilt was proven beyond a reasonable doubt” (People v Oberlander, 94 AD3d 1459, 1459 [4th Dept 2012]), the court must acquit.
Vehicle and Traffic Law § 1192 (3) requires that the People prove beyond a reasonable doubt that the defendant was driving a motor vehicle on a public highway while he was “incapable, to a substantial extent, of employing the physical and mental abilities which he ... is expected to possess in order to operate a vehicle as a reasonable and prudent driver.” (CJI2d[NY] Vehicle and Traffic Law § 1192 [3].)
In determining whether the defendant was intoxicated, the pattern charge allows the court to take into account
“* all the surrounding facts and circumstances, including, for example,
“* the defendant’s physical condition and appearance, balance and coordination, and manner of speech;
“* the presence or absence of an odor of alcohol;
“* the manner in which the defendant operated the motor vehicle;
“* [opinion testimony regarding the defendant’s sobriety];
“* [the circumstances of any accident]; [and]
“* [the results of any test of the content of alcohol in the defendant’s blood]” (id.).
Here, defendant admitted to consuming two beers at dinner; however, the testimony did not establish at what time he had dinner, and in any event, that admission alone would not support a finding of intoxication. He had an odor of alcohol; however, that would not have been unexpected nor was it inconsistent with the two beers he admitted consuming. He had watery eyes, but the Deputy conceded that such could have been the result of the very cold weather that evening. Defendant passed three of five field sobriety tests administered, and on the “walk and turn” test, which he failed, the defendant did not lose his balance and completed most of the walk portion successfully. While defendant lost control of his vehicle, it is clear that the road was snow- and ice-covered, and as noted above there is little or no evidence that he was speeding or operating his vehicle in an unsafe manner, the Deputy’s “professional opinion” notwithstanding, unsupported as it was *1082 by some degree of scientific or technical knowledge. A blood alcohol test was received into evidence and showed that the defendant’s blood alcohol content was .14%; however, the trial court acquitted on that charge notwithstanding that finding, and so this court gives no weight to that evidence as it relates to whether the defendant was incapable of operating his vehicle. Finally, while the defendant was issued a ticket for driving while intoxicated, no testimony was elicited as to whether the Deputy formed an opinion that the defendant was intoxicated.
The court considers in its discretion (see generally CPL 300.50 [1]) the lesser-included offense of driving while ability impaired, Vehicle and Traffic Law § 1192 (1). A person’s ability to operate a motor vehicle is impaired by the consumption of alcohol “when that person’s consumption of alcohol has actually impaired, to any extent, the physical and mental abilities which such person is expected to possess in order to operate a vehicle as a reasonable and prudent driver” (CJI2d[NY] Vehicle and Traffic Law § 1192 [1]).
Although the defense did not request the charge, the court finds that a reasonable view of the evidence would support a conviction for that charge, and upon its independent review of the evidence, the court finds that the evidence establishes, beyond a reasonable doubt, the defendant’s guilt of the lesser-included offense. (See generally CPL 470.15 [1].)
Accordingly, the judgment of Vehicle and Traffic Law § 1180 (a) appealed from is hereby reversed and the simplified traffic information is dismissed. The judgment of driving while intoxicated, Vehicle and Traffic Law § 1192 (3), is modified to a violation of Vehicle and Traffic Law § 1192 (1), driving while ability impaired.
The matter is remitted to the lower court for re-sentencing based on the modification. (CPL 470.20 [4].)