People v Cotton (2018 NY Slip Op 04469)





People v Cotton


2018 NY Slip Op 04469


Decided on June 15, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 15, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


667 KA 13-01471

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT COTTON, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, THE ABBATOY LAW FIRM, PLLC (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered July 30, 2013. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and assault in the first degree (§ 120.10 [1]). Contrary to defendant's contention, he was not denied his right to present a defense by the prosecutor's refusal to request that the court confer immunity on a defense witness who would not agree to testify without immunity. It is well settled that the decision of a District Attorney to request immunity for a witness is discretionary
" and not reviewable unless the District Attorney acts with bad faith to deprive a defendant of his or her right to a fair trial' " (People v Bolling, 24 AD3d 1195, 1196 [4th Dept 2005], affd 7 NY3d 874 [2006]; see People v Swank, 109 AD3d 1089, 1090 [4th Dept 2013], lv denied 23 NY3d 968 [2014]; see generally CPL 50.30), and here the record is devoid of evidence of bad faith (see People v Adams, 53 NY2d 241, 247-248 [1981]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that he was incorrectly sentenced as a second violent felony offender. Defendant's prior conviction of criminal possession of a weapon in the third degree pursuant to former Penal Law § 265.02 (4), which was recodified in 2006 as the crime of criminal possession of a weapon in the second degree (see § 265.03 [3]), was properly considered a predicate violent felony conviction (see People v Smith, 27 NY3d 652, 670 [2016]).
Entered: June 15, 2018
Mark W. Bennett
Clerk of the Court